M. David Eckersley (0956)
PRINCE, YEATES & GELDZAHLER
175 East 400 South, Suite 900
Salt Lake City, Utah  84111
Telephone:  801-524-1000
mde@princeyeates.com

and

Kyle Schonekas, La. Bar No. 11817
Patrick S. McGoey, La. Bar No. 24549
Andrea V. Timpa, La. Bar No. 29455
Katherine McCray, La. Bar No. 31921
SCHONEKAS, EVANS, McGOEY
& McEACHIN, L.L.C.
650 Poydras Street, Suite 2105
New Orleans, Louisiana  70130
Telephone:  (504) 680-6050
kyle@semmlaw.com
patrick@semmlaw.com
andrea@semmlaw.com
katherine@semmlaw.com

*Attorneys for all Plaintiffs*
*except Dandrea, Inc. and KMD, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| GULF COAST SHIPPERS LIMITED PARTNERSHIP, et al. | : : : : | **PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO DHL EXPRESS (USA), INC.'S FIRST AMENDED COUNTERCLAIMS** |
| Plaintiffs, | : : | |
| vs. | : : | Civil No. 2:09-CV-221 |
| DHL EXPRESS (USA), INC., an Ohio Corporation, and DPWN Holdings (USA), Inc. | : : : : | Judge Dale A. Kimball Magistrate Judge Paul M. Warner |
| Defendants. | : : | |

**NOW INTO COURT** through undersigned counsel, come Gulf Coast Shippers Limited Partnership, 10YJ, L.L.C., Advocate Logistics Group, Inc., AEA Services, Inc., Air Express Couriers, Inc., ALG Alabama, L.L.C., ALG Atlanta East, L.L.C., ALG Atlanta Metro, L.L.C., AMR Group, Inc., B & B Overnight, Inc., Bayer and Bayer, Inc., BD Logistics, Inc., BMJ Logistics, Inc., Boundless Logistics, Inc., Buehler Companies, Inc., Carnrock, Inc., Celcorp Carriers Inc., Central Coast Logistics, Inc., Central Gulf Coast Shipping, Inc., Central Jersey Shipping Solutions, L.L.C., CKR Management, L.L.C., Commerce & Express, Inc., Lexington Express, Inc., Mississippi Express, Inc., Kentucky Express, Inc., Complete Shipping Services, Inc., Cradduck Enterprises Inc., Creative Control, L.L.C., Curry, Inc., Dabar GP, L.L.C., Diamond Logistics, L.L.C., DJB Investments of Naples, Inc., DLS Consulting, Inc., DRC of Arkansas, Inc., Eagle's Wings, Inc., El Paso Del Norte Transportation Services, Inc., Essex Express, Inc., Express One, Inc., Express Shipments, Inc., F & M Transport, L.L.C., Fellowshippers, Inc., Freight Consultants Group, Inc., H.C. Ware Company, Inc., Iowa Discount Shippers, Inc., J & D Logistics, Inc., Jasper Enterprises, Inc., Jay Chamberlain, JBC Logistics, Inc., JFS Logistics, Inc., JMcLExpress, Inc., JMK (USA) Enterprises, Inc., Jubert Express, Inc., K & R Global, L.L.C., Kasel Enterprises, L.L.C., KEBA Enterprises, Inc., Keyroc Logistics, Inc., Lake Country Logistics, L.L.C., Landshire Development Corp., LKO Enterprises, Inc., Manatee Management and Marketing, Inc., MDC Express, Inc., Mercari, Inc., Michael C. Little, Mid Atlantic Shipping Solutions, L.L.C., Midway Shippers, Inc., Mijo Logistics, L.L.C., Mitchell & Dixon, Inc., Montana Global Logistics, L.L.C., Morning Starr Associates, Inc., MT Shipping, Inc., Mullen & Associates, Inc., OK Shippers, Inc., Performance Logistics Group, Inc., QSI Sales, L.L.C., Rabbits, Inc., RAV, Inc., RedOak Shipping Services, L.L.C., RedOak

Shipping Services of Oakland, L.L.C., Reid Brothers, Inc., Roberts Freight Consultants, Inc., Rock Solid Logistics, Inc., San Jose Shippers, Inc., Sankey & Jensen, Inc., Ship4Less, L.L.C., Shipping Services Boise, L.L.C., Shipping Services Indiana, L.L.C., Shipping Services Ohio, L.L.C., Southern Express International, Inc., Southern Shipping & Logistics, Inc., Spectrum Development Group, Inc., Spirit Transport, L.L.C., SR Logistics, Inc., Stanley E. Jones, Steed & Harrington, L.L.C., Success Enterprises GP, Suncoast Shippers, Inc., Synergistics Management, L.L.C., Syracuse Shippers, Inc., The Video Co., Inc., Transource, Inc., Transworld Consulting Services of Albany, L.L.C., Transworld Consulting Services of Syracuse, L.L.C., Transworld Consulting Services of Westchester, Inc., TRB Group, Inc., United Shippers Association, Inc., United Shippers, Inc., United Shippers Northside, Inc., United Shippers of Suffolk, Inc., Vermont Shipping Co., L.L.C., W.W.S. & Associates, Inc., Washington Partners, Ltd., Western Shipping Group, Inc., Wolstad Management, Inc., Zip Ship, Inc., (hereinafter collectively "Counterclaim Defendants") in the above-captioned matter, who file their Answer and Affirmative Defenses in response to the First Amended Counterclaims of DHL Express (U.S.A.), Inc. ("DHL") as follows:

## THE PARTIES

1.     Counterclaim Defendants admit, upon information and belief, that DHL is an Ohio Corporation with its principal place of business in Plantation, Florida.   Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, deny them.

2.     Counterclaim Defendants admit the allegations in Paragraph 2.

3.     Counterclaim Defendants admit the allegations in Paragraph 3.

4.      Counterclaim Defendants admit that they established accounts with DHL under the name or names associated with their Unishippers franchises.  Counterclaim Defendants deny the remaining allegations in Paragraph 4 because they lack sufficient knowledge or information to form a belief as to the truth of those allegations.

5.      Counterclaim defendant Gulf Coast Shippers Limited Partnership ("Gulf Coast") admits the allegations in Paragraph 5.

6.      Counterclaim defendant 10YJ, L.L.C. ("10YJ") admits the allegations in Paragraph 6.

7.      Counterclaim defendant Advocate Logistics Group, Inc. ("Advocate") admits the allegations in Paragraph 7.

8.      Counterclaim defendant AEA Services, Inc. ("AEA") admits the allegations in Paragraph 8.

9.      Counterclaim defendant Air Express Couriers, Inc. ("Air Express") admits the allegations in Paragraph 9.

10.      Counterclaim defendant ALG Alabama, L.L.C. ("ALG Alabama") admits the allegations in Paragraph 10.

11.      Counterclaim defendant ALG Atlanta East, L.L.C. ("ALG Atlanta East") admits the allegations in Paragraph 11.

12.      Counterclaim defendant ALG Atlanta Metro, L.L.C. ("ALG Atlanta Metro") admits the allegations in Paragraph 12.

13.      Counterclaim defendant AMR Group, Inc. ("AMR") admits the allegations in Paragraph 13.

14.     Counterclaim defendant B & B Overnight, Inc. ("B & B") admits the allegations in Paragraph 14.

15.     Counterclaim defendant Bayer and Bayer, Inc. ("Bayer & Bayer") admits the allegations in Paragraph 15.

16.     Counterclaim defendant BD Logistics, Inc. ("BD Logistics") admits that it is an Illinois corporation, with its principal place of business in the state of Illinois.  The remaining allegations in Paragraph 16 state a legal conclusion and do not require a response.  To the extent a response is required, BD Logistics denies the remaining allegations in Paragraph 16.

17.     Counterclaim defendant BMJ Logistics, Inc. ("BMJ") admits the allegations in Paragraph 17.

18.     Counterclaim defendant Boundless Logistics, Inc. ("Boundless") admits the allegations in Paragraph 18.

19.     Counterclaim defendant Buehler Companies, Inc. ("Buehler") admits the allegations in Paragraph 19.

20.     Counterclaim defendant Carnrock, Inc. ("Carnrock") admits the allegations in Paragraph 20.

21.     Counterclaim defendant Celcorp Carriers, Inc. ("Celcorp") admits the allegations in Paragraph 21.

22.     Counterclaim defendant Central Coast Logistics, Inc. ("Central Coast Logistics") admits the allegations in Paragraph 22.

23.     Counterclaim defendant Central Gulf Coast Shipping, Inc. ("Central Gulf Coast") admits the allegations in Paragraph 23.

24.     Counterclaim defendant Central Jersey Shipping Solutions, L.L.C. ("Central Jersey") admits the allegations in Paragraph 24.

25.     Counterclaim defendant CKR Management, L.L.C. ("CKR") admits the allegations in Paragraph 25.

26.     Counterclaim defendant Commerce & Express ("Commerce") admits the allegations in Paragraph 26.

27.     Counterclaim defendants Lexington Express, Inc. ("Lexington Express"); Mississippi Express, Inc. ("Mississippi Express); and Kentucky Express, Inc. ("Kentucky Express) admit the allegations in Paragraph 27.

28.     Counterclaim defendant Complete Shipping Services, Inc. ("Complete Shipping") admits the allegations in Paragraph 28.

29.     Counterclaim defendant Cradduck Enterprises, Inc. ("Cradduck") admits the allegations in Paragraph 29.

30.     Counterclaim defendant Creative Control, L.L.C. ("Creative") admits the allegations in Paragraph 30.

31.     Counterclaim defendant Curry, Inc. ("Curry") admits the allegations in Paragraph 31.

32.     Counterclaim defendant Dabar GP, L.L.C. ("Dabar") admits the allegations in Paragraph 32.

33.     Counterclaim Defendants admit that Dandrea, Inc. was a Maine corporation with its principal place of business in the state of Florida at the time of the events giving rise to the Counterclaims.

34.     Counterclaim defendant Diamond Logistics, L.L.C. ("Diamond") admits the allegations in Paragraph 34.

35.     Counterclaim defendant DJB Investments of Naples, Inc. ("DJB") admits the allegations in Paragraph 35.

36.     Counterclaim defendant DLS Consulting, Inc. ("DLS") admits the allegations in Paragraph 36.

37.     Counterclaim defendant DRC of Arkansas, Inc. ("DRC") admits the allegations in Paragraph 37.

38.     Counterclaim defendant Eagle's Wings, Inc. ("Eagle's Wings") admits the allegations in Paragraph 38.

39.      Counterclaim defendant El Paso Del Norte Transportation Services, Inc. ("El Paso") admits the allegations in Paragraph 39.

40.     Counterclaim defendant Essex Express, Inc. ("Essex") admits the allegations in Paragraph 40.

41.     Counterclaim defendant Express One, Inc. ("Express One") admits the allegations in Paragraph 41.

42.     Counterclaim defendant Express Shipments, Inc. ("Express Shipments") admits the allegations in Paragraph 42.

43.     Counterclaim defendant F & M Transport L.L.C. ("F & M") admits the allegations in Paragraph 43.

44.     Counterclaim defendant Fellowshippers, Inc. ("Fellowshippers") admits the allegations in Paragraph 44.

45.     Counterclaim defendant Freight Consultants Group, Inc. ("Freight Consultants") admits the allegations in Paragraph 45.

46.     Counterclaim defendant H.C. Ware Company, Inc. ("H.C. Ware") admits the allegations in Paragraph 46.

47.     Counterclaim defendant Iowa Discount Shippers, Inc. ("Iowa Discount") admits the allegations in Paragraph 47.

48.     Counterclaim defendant J & D Logistics, Inc. ("J & D") admits the allegations in Paragraph 48.

49.     Counterclaim defendant Jasper Enterprises, Inc. ("Jasper") admits the allegations in Paragraph 49.

50.     Counterclaim defendant Jay Chamberlain ("Chamberlain") admits the allegations in Paragraph 50.

51.     Counterclaim defendant JBC Logistics, Inc. ("JBC") admits the allegations in Paragraph 51.

52.     Counterclaim defendant JFS Logistics, Inc. ("JFS") admits the allegations in Paragraph 52.

53.     Counterclaim defendant JMcLExpress, Inc. ("JMcLExpress") admits the allegations in Paragraph 53.

54.     Counterclaim defendant JMK (USA) Enterprises, Inc. ("JMK") admits the allegations in Paragraph 54.

55.     Counterclaim defendant Jubert Express, Inc. ("Jubert") admits the allegations in Paragraph 55.

56.     Counterclaim defendant K & R Global, L.L.C. ("K & R") admits the allegations in Paragraph 56.

57.     Counterclaim defendant Kasel Enterprises, L.L.C. ("Kasel") admits the allegations in Paragraph 57.

58.     Counterclaim defendant KEBA Enterprises, Inc. ("KEBA") admits the allegations in Paragraph 58.

59.     Counterclaim defendant Keyroc Logistics, Inc. ("Keyroc") admits the allegations in Paragraph 59.

60.     Counterclaim defendant Lake Country Logistics, L.L.C. ("Lake") admits the allegations in Paragraph 60.

61.     Counterclaim defendant Landshire Development Corp. ("Landshire") admits the allegations in Paragraph 61.

62.     Counterclaim defendant LKO Enterprises, Inc. ("LKO") admits the allegations in Paragraph 62.

63.     Counterclaim defendant Manatee Management and Marketing, Inc. ("Manatee") admits the allegations in Paragraph 63.

64.     Counterclaim defendant MDC Express, Inc. ("MDC") admits the allegations in Paragraph 64.

65.     Counterclaim defendant Mercari, Inc. ("Mercari") admits the allegations in Paragraph 65.

66.     Counterclaim defendant Michael C. Little ("Little") admits the allegations in Paragraph 66.

67.     Counterclaim defendant Mid Atlantic Shipping Solutions, L.L.C. ("Mid Atlantic") admits the allegations in Paragraph 67.

68.     Counterclaim defendant Midway Shippers, Inc. ("Midway") admits the allegations in Paragraph 68.

69.     Counterclaim defendant Mijo Logistics, L.L.C. ("Mijo") admits the allegations in Paragraph 69.

70.     Counterclaim defendant Mitchell & Dixon, Inc. ("Mitchell & Dixon") admits the allegations in Paragraph 70.

71.     Counterclaim defendant Montana Global Logistics, L.L.C. ("Montana Global") admits the allegations in Paragraph 71.

72.     Counterclaim defendant Morning Star Associates, Inc. ("Morning Star") admits the allegations in Paragraph 72.

73.     Counterclaim defendant MT Shipping, Inc. ("MT Shipping") admits the allegations in Paragraph 73.

74.     Counterclaim defendant Mullen & Associates, Inc. ("Mullen") admits the allegations in Paragraph 74.

75.     Counterclaim defendant OK Shippers, Inc. ("OK Shippers") admits the allegations in Paragraph 75.

76.     Counterclaim defendant Performance Logistics Group, Inc. ("Performance Logistics") admits the allegations in Paragraph 76.

77.     Counterclaim defendant QSI Sales, L.L.C. ("QSI") admits the allegations in Paragraph 77.

78.     Counterclaim defendant Rabbits, Inc. ("Rabbits") admits the allegations in Paragraph 78.

79.     Counterclaim defendant RAV, Inc. ("RAV") admits the allegations in Paragraph 79.

80.     Counterclaim defendant RedOak Shipping Services, L.L.C. ("RedOak Shipping") admits the allegations in Paragraph 80.

81.     Counterclaim defendant RedOak Shipping Services of Oakland, L.L.C. ("RedOak Shipping of Oakland") admits the allegations in Paragraph 81.

82.     Counterclaim defendant Reid Brothers, Inc. ("Reid Bros.") admits the allegations in Paragraph 82.

83.     Counterclaim defendant Roberts Freight Consultants, Inc. ("Roberts") admits the allegations in Paragraph 83.

84.     Counterclaim defendant Rock Solid Logistics, Inc. ("Rock Solid") admits the allegations in Paragraph 84.

85.     Counterclaim defendant San Jose Shippers, Inc. ("San Jose") admits the allegations in Paragraph 85.

86.     Counterclaim defendant Sankey & Jensen, Inc. ("Sankey") admits the allegations in Paragraph 86.

87.     Counterclaim defendant Ship4Less, L.L.C. ("Ship4Less") admits the allegations in Paragraph 87.

88.     Counterclaim defendant Shipping Services Boise, L.L.C. ("Shipping Services Boise") admits the allegations in Paragraph 88.

89.     Counterclaim defendant Shipping Services Indiana, L.L.C. ("Shipping Services Indiana") admits the allegations in Paragraph 89.

90.     Counterclaim defendant Shipping Services Ohio, L.L.C. ("Shipping Services Ohio") admits the allegations in Paragraph 90.

91.     Counterclaim defendant Southern Express International, Inc. ("Southern Express") admits the allegations in Paragraph 91.

92.     Counterclaim defendant Southern Shipping & Logistics, Inc. ("Southern Shipping") admits the allegations in Paragraph 92.

93.     Counterclaim defendant Spectrum Development Group, Inc. ("Spectrum") admits the allegations in Paragraph 93.

94.     Counterclaim defendant Spirit Transport, L.L.C. ("Spirit") admits the allegations in Paragraph 94.

95.     Counterclaim defendant SR Logistics, Inc. ("SR Logistics") admits the allegations in Paragraph 95.

96.     Counterclaim defendant Stanley E. Jones ("Jones") admits the allegations in Paragraph 96.

97.     Counterclaim defendant Steed & Harrington, L.L.C. ("Steed") admits the allegations in Paragraph 97.

98.     Counterclaim defendant Success Enterprises GP ("Success") admits the allegations in Paragraph 98.

99.     Counterclaim defendant Suncoast Shippers, Inc. ("Suncoast") admits the allegations in Paragraph 99.

100.     Counterclaim defendant Synergistics Management, L.L.C. ("Synergistics") admits that it is a Minnesota limited liability company with its principal place of business in the state of Minnesota; and admits that it is wholly owned by plaintiff and counterclaim defendant Lake Country Logistics, L.L.C.   Synergistics denies the allegation in Paragraph 100 that it is a corporation.

101.     Counterclaim defendant Syracuse Shippers, Inc. ("Syracuse Shippers") admits the allegations in Paragraph 101.

102.     Counterclaim defendant The Video Co., Inc. ("Video Co.") admits the allegations in Paragraph 102.

103.     Counterclaim defendant Transource, Inc. ("Transource") admits the allegations in Paragraph 103.

104.     Counterclaim defendant Transworld Consulting Services of Albany, L.L.C. ("Transworld of Albany") admits the allegations in Paragraph 104.

105.     Counterclaim defendant Transworld Consulting Services of Syracuse, L.L.C. ("Transworld of Syracuse") admits the allegations in Paragraph 105.

106.     Counterclaim defendant Transworld Consulting Services of Westchester, Inc. ("Transworld of Westchester") admits the allegations in Paragraph 106.

107.     Counterclaim defendant TRB Group, Inc. ("TRB") admits the allegations in Paragraph 107.

108.     Counterclaim defendant United Shippers Association, Inc. ("United Shippers Association") admits the allegations in Paragraph 108.

109.   Counterclaim defendant United Shippers, Inc. ("United Shippers") admits the allegations in Paragraph 109.

110.   Counterclaim defendant United Shippers Northside, Inc. ("United Shippers Northside") admits the allegations in Paragraph 110.

111.   Counterclaim defendant United Shippers of Suffolk, Inc. ("United Shippers Suffolk") admits the allegations in Paragraph 111.

112.   Counterclaim defendant Vermont Shipping CO., L.L.C. ("Vermont Shipping") admits the allegations in Paragraph 112.

113.   Counterclaim defendant W.W.S. & Associates, Inc. ("WWS") admits the allegations in Paragraph 113.

114.   Counterclaim defendant Washington Partners, Ltd. ("Washington Partners") admits the allegations in Paragraph 114.

115.   Counterclaim defendant Western Shipping Group, Inc. ("Western Shipping") admits the allegations in Paragraph 115.

116.   Counterclaim defendant Wolstad Management, Inc. ("Wolstad") admits the allegations in Paragraph 116.

117.   Counterclaim defendant Zip Ship, Inc. ("Zip Ship") admits the allegations in Paragraph 117.

118.   Paragraph 118 does not make any allegations that require a response.  To the extent a response is required, Counterclaim Defendants deny the allegations in Paragraph 118.

## GENERAL BACKGROUND

119.   Counterclaim Defendants admit, upon information and belief, that Unishippers was, at one time, one of the largest resellers of DHL services and that Unishippers has numerous franchisees throughout the United States.  Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 119, and deny those allegations on that basis.

120.   Counterclaim Defendants admit that Unishippers and Airborne Freight Corporation ("Airborne") entered into a National Account Agreement on September 21, 1994, and that DHL assumed all of Airborne's obligations under the National Account Agreement.  Counterclaim Defendants admit that on or about October 6, 2008, Unishippers, in reliance on DHL's promises and representations (many of which were false), entered into a Reseller Agreement with DHL that purportedly amended the National Account Agreement in several ways.  Counterclaim Defendants deny the remaining allegations in Paragraph 120.

121.   Counterclaim Defendants state that the Reseller Agreement speaks for itself.  To the extent a response is necessary, Counterclaim Defendants deny the allegations in Paragraph 121.

## DHL CEASES DOMESTIC SHIPPING

122.   Counterclaim Defendants admit that on November 10, 2008, DHL publicly announced that as of December 10, 2008, it would no longer provide U.S. domestic shipping services to Unishippers, Counterclaim Defendants, or their customers.  Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 122, and deny those allegations on that basis.

15

123.     Counterclaim Defendants admit that on November 10, 2008, DHL sent Unishippers a notice of termination letter stating it was exercising its rights under the Reseller Agreement to terminate the National Account Agreement effective May 4, 2009.  Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 123, and deny those allegations on that basis.

124.     Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 124, and deny those allegations on that basis.

## DEFAULTING PLAINTIFFS REFUSAL TO PAY[1]

125.     Counterclaim Defendants admit that some Counterclaim Defendants and their customers attempted to continue to tender packages for shipment via DHL after November 10, 2008.  Counterclaim Defendants deny the remaining allegations in Paragraph 125.

126.     Counterclaim Defendants admit that DHL picked up and/or delivered some of the shipments tendered for shipment via DHL after November 10, 2008.  Counterclaim Defendants deny the remaining allegations in Paragraph 126.

127.     Counterclaim Defendants deny the allegations in Paragraph 127.

128.     Counterclaim Defendants deny the allegations in Paragraph 128.

129.     Counterclaim Defendants deny the allegations in Paragraph 129.

130.     The first sentence of Paragraph 130 states a legal conclusion and does not require a response.  To the extent a response is required, Counterclaim Defendants deny the allegations

[1] Counterclaim Defendants have repeated DHL's headings for ease of reference and organization of their Answer. However, Counterclaim Defendants do not admit the truth or accuracy of any heading.

in the first sentence of Paragraph 130.  Counterclaim Defendants deny the remaining allegations of Paragraph 130.

## ANSWER TO FIRST COUNTERCLAIM CAUSE OF ACTION
### For Breach of Contract

131.    In response to Paragraph 131, Counterclaim Defendants reallege and incorporate by reference the answers set forth in Paragraphs 1 through 130 above.

132.    Paragraph 132 states a legal conclusion and does not require a response.  To the extent a response is required, Counterclaim Defendants deny the allegations in Paragraph 132.

133.    Gulf Coast denies the allegations in Paragraph 133.

134.    10YJ denies the allegations in Paragraph 134.

135.    Advocate denies the allegations in Paragraph 135.

136.    AEA denies the allegations in Paragraph 136.

137.    Air Express denies the allegations in Paragraph 137.

138.    ALG Alabama denies the allegations in Paragraph 138.

139.    ALG Atlanta East denies the allegations in Paragraph 139.

140.    ALG Atlanta Metro denies the allegations in Paragraph 140.

141.    AMR denies the allegations in Paragraph 141.

142.    B & B denies the allegations in Paragraph 142.

143.    Bayer & Bayer denies the allegations in Paragraph 143.

144.    BMJ denies the allegations in Paragraph 144.

145.    Boundless denies the allegations in Paragraph 145.

146.    Buehler denies the allegations in Paragraph 146.

147.    Carnrock denies the allegations in Paragraph 147.

148.   Celcorp denies the allegations in Paragraph 148.

149.   Central Coast Logistics denies the allegations in Paragraph 149.

150.   Central Gulf Coast denies the allegations in Paragraph 150.

151.   Central Jersey denies the allegations in Paragraph 151.

152.   CKR denies the allegations in Paragraph 152.

153.   Commerce denies the allegations in Paragraph 153.

154.   Lexington Express denies the allegations in Paragraph 154.

155.   Mississippi Express denies the allegations in Paragraph 155.

156.   Kentucky Express denies the allegations in Paragraph 156.

157.   Complete Shipping denies the allegations in Paragraph 157.

158.   Cradduck denies the allegations in Paragraph 158.

159.   Creative denies the allegations in Paragraph 159.

160.   Curry denies the allegations in Paragraph 160.

161.   Debar denies the allegations in Paragraph 161.

162.   Counterclaim Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 162, and deny the allegations on that basis.

163.   Diamond denies the allegations in Paragraph 163.

164.   DJB denies the allegations in Paragraph 164.

165.   DLS denies the allegations in Paragraph 165.

166.   DRC denies the allegations in Paragraph 166.

167.   Eagle's Wings denies the allegations in Paragraph 167.

168.    El Paso denies the allegations in Paragraph 168.

169.    Essex denies the allegations in Paragraph 169.

170.    Express One denies the allegations in Paragraph 170.

171.    Express Shipments denies the allegations in Paragraph 171.

172.    F & M denies the allegations in Paragraph 172.

173.    Fellowshippers denies the allegations in Paragraph 173.

174.    Freight Consultants denies the allegations in Paragraph 174.

175.    H.C. Ware denies the allegations in Paragraph 175.

176.    Iowa Discount denies the allegations in Paragraph 176.

177.    J & D denies the allegations in Paragraph 177.

178.    Jasper denies the allegations in Paragraph 178.

179.    Chamberlain denies the allegations in Paragraph 179.

180.    JBC denies the allegations in Paragraph 180.

181.    JFS denies the allegations in Paragraph 181.

182.    JMcLExpreses denies the allegations in Paragraph 182.

183.    JMK denies the allegations in Paragraph 183.

184.    Jubert denies the allegations in Paragraph 184.

185.    K & R denies the allegations in Paragraph 185.

186.    Kasel denies the allegations in Paragraph 186.

187.    KEBA denies the allegations in Paragraph 187.

188.    Keyroc denies the allegations in Paragraph 188.

189.    Lake denies the allegations in Paragraph 189.

190.    Landshire denies the allegations in Paragraph 190.

191.    LKO denies the allegations in Paragraph 191.

192.    Manatee denies the allegations in Paragraph 192.

193.    MDC denies the allegations in Paragraph 193.

194.    Mercari denies the allegations in Paragraph 194.

195.    Little denies the allegations in Paragraph 195.

196.    Mid Atlantic denies the allegations in Paragraph 196.

197.    Midway denies the allegations in Paragraph 197.

198.    Mijo denies the allegations in Paragraph 198.

199.    Mitchell & Dixon denies the allegations in Paragraph 199.

200.    Montana Global denies the allegations in Paragraph 200.

201.    Morning Star denies the allegations in Paragraph 201.

202.    MT Shipping denies the allegations in Paragraph 202.

203.    Mullen denies the allegations in Paragraph 203.

204.    OK Shippers denies the allegations in Paragraph 204.

205.    Performance Logistics denies the allegations in Paragraph 205.

206.    QSI denies the allegations in Paragraph 206.

207.    Rabbits denies the allegations in Paragraph 207.

208.    RAV denies the allegations in Paragraph 208.

209.    RedOak Shipping of Oakland denies the allegations in Paragraph 209.

210.    RedOak Shipping denies the allegations in Paragraph 210.

211.    Reid Bros. denies the allegations in Paragraph 211.

212.    Roberts denies the allegations in Paragraph 212.

213.    Rock Solid denies the allegations in Paragraph 213.

214.    San Jose denies the allegations in Paragraph 214.

215.    Sankey denies the allegations in Paragraph 215.

216.    Shipping Services Boise denies the allegations in Paragraph 216.

217.    Shipping Services Indiana denies the allegations in Paragraph 217.

218.    Shipping Services Ohio denies the allegations in Paragraph 218.

219.    Ship4Less denies the allegations in Paragraph 219.

220.    Southern Express denies the allegations in Paragraph 220.

221.    Southern Shipping denies the allegations in Paragraph 221.

222.    Spectrum denies the allegations in Paragraph 222.

223.    Spirit denies the allegations in Paragraph 223.

224.    SR Logistics denies the allegations in Paragraph 224.

225.    Jones denies the allegations in Paragraph 225.

226.    Steed denies the allegations in Paragraph 226.

227.    Success denies the allegations in Paragraph 227.

228.    Suncoast denies the allegations in Paragraph 228.

229.    Synergistics denies the allegations in Paragraph 229.

230.    Syracuse Shippers denies the allegations in Paragraph 230.

231.    Video Co. denies the allegations in Paragraph 231.

232.    Transource denies the allegations in Paragraph 232.

233.    Transworld of Albany denies the allegations in Paragraph 233.

234.   Transworld of Syracuse denies the allegations in Paragraph 234.

235.   Transworld of Westchester denies the allegations in Paragraph 235.

236.   TRB denies the allegations in Paragraph 236.

237.   United Shippers Association denies the allegations in Paragraph 237.

238.   United Shippers Northside denies the allegations in Paragraph 238.

239.   United Shippers Suffolk denies the allegations in Paragraph 239.

240.   United Shippers denies the allegations in Paragraph 240.

241.   Vermont Shipping denies the allegations in Paragraph 241.

242.   WWS denies the allegations in Paragraph 242.

243.   Washington Partners denies the allegations in Paragraph 243.

244.   Western Shipping denies the allegations in Paragraph 244.

245.   Wolstad denies the allegations in Paragraph 245.

246.   Zip Ship denies the allegations in Paragraph 246.

## ANSWER TO SECOND COUNTER CLAIM CAUSE OF ACTION
### For Account Stated

247.   In response to Paragraph 247, Counterclaim Defendants reallege and incorporate by reference the answers set forth in Paragraphs 1 through 246 above.

248.   The first sentence of Paragraph 248 states a legal conclusion and does not require a response.  To the extent a response is required, Gulf Coast denies the allegations in the first sentence of Paragraph 248.  Gulf Coast denies the remaining allegations in Paragraph 248.

249.   The first sentence of Paragraph 249 states a legal conclusion and does not require a response.  To the extent a response is required, 10YJ denies the allegations in the first sentence of Paragraph 249.  10YJ denies the remaining allegations in Paragraph 249.

250.    The first sentence of Paragraph 250 states a legal conclusion and does not require a response.  To the extent a response is required, Advocate denies the allegations in the first sentence of Paragraph 250.  Advocate denies the remaining allegations in Paragraph 250.

251.    The first sentence of Paragraph 251 states a legal conclusion and does not require a response.  To the extent a response is required, AEA denies the allegations in the first sentence of Paragraph 251.  AEA denies the remaining allegations in Paragraph 251.

252.    The first sentence of Paragraph 252 states a legal conclusion and does not require a response.  To the extent a response is required, Air Express denies the allegations in the first sentence of Paragraph 252.  Air Express denies the remaining allegations in Paragraph 252.

253.    The first sentence of Paragraph 253 states a legal conclusion and does not require a response.  To the extent a response is required, ALG Alabama denies the allegations in the first sentence of Paragraph 253.  ALG Alabama denies the remaining allegations in Paragraph 253.

254.    The first sentence of Paragraph 254 states a legal conclusion and does not require a response.  To the extent a response is required, ALG Atlanta East denies the allegations in the first sentence of Paragraph 254.  ALG Atlanta East denies the remaining allegations in Paragraph 254.

255.    The first sentence of Paragraph 255 states a legal conclusion and does not require a response.  To the extent a response is required, ALG Atlanta Metro denies the allegations in the first sentence of Paragraph 255.  ALG Atlanta Metro denies the remaining allegations in Paragraph 255.

256.    The first sentence of Paragraph 256 states a legal conclusion and does not require a response.  To the extent a response is required, AMR denies the allegations in the first sentence of Paragraph 256.  AMR denies the remaining allegations in Paragraph 256.

257.    The first sentence of Paragraph 257 states a legal conclusion and does not require a response.  To the extent a response is required, B & B denies the allegations in the first sentence of Paragraph 257.  B & B denies the remaining allegations in Paragraph 257.

258.    The first sentence of Paragraph 258 states a legal conclusion and does not require a response.  To the extent a response is required, Bayer & Bayer denies the allegations in the first sentence of Paragraph 258.  Bayer & Bayer denies the remaining allegations in Paragraph 258.

259.    The first sentence of Paragraph 259 states a legal conclusion and does not require a response.  To the extent a response is required, BMJ denies the allegations in the first sentence of Paragraph 259.  BMJ denies the remaining allegations in Paragraph 259.

260.    The first sentence of Paragraph 260 states a legal conclusion and does not require a response.  To the extent a response is required, Boundless denies the allegations in the first sentence of Paragraph 260.  Boundless denies the remaining allegations in Paragraph 260.

261.    The first sentence of Paragraph 261 states a legal conclusion and does not require a response.  To the extent a response is required, Buehler denies the allegations in the first sentence of Paragraph 261.  Buehler denies the remaining allegations in Paragraph 261.

262.    The first sentence of Paragraph 262 states a legal conclusion and does not require a response.  To the extent a response is required, Carnrock denies the allegations in the first sentence of Paragraph 262.  Carnrock denies the remaining allegations in Paragraph 262.

263.     The first sentence of Paragraph 263 states a legal conclusion and does not require a response.   To the extent a response is required, Celcorp denies the allegations in the first sentence of Paragraph 263.  Celcorp denies the remaining allegations in Paragraph 263.

264.     The first sentence of Paragraph 264 states a legal conclusion and does not require a response.  To the extent a response is required, Central Coast Logistics denies the allegations in the first sentence of Paragraph 264.  Central Coast Logistics denies the remaining allegations in Paragraph 264.

265.     The first sentence of Paragraph 265 states a legal conclusion and does not require a response.  To the extent a response is required, Central Gulf Coast denies the allegations in the first sentence of Paragraph 265.   Central Gulf Coast denies the remaining allegations in Paragraph 265.

266.     The first sentence of Paragraph 266 states a legal conclusion and does not require a response.  To the extent a response is required, Central Jersey denies the allegations in the first sentence of Paragraph 266.  Central Jersey denies the remaining allegations in Paragraph 266.

267.     The first sentence of Paragraph 267 states a legal conclusion and does not require a response.  To the extent a response is required, CKR denies the allegations in the first sentence of Paragraph 267.  CKR denies the remaining allegations in Paragraph 267.

268.     The first sentence of Paragraph 268 states a legal conclusion and does not require a response.  To the extent a response is required, Commerce denies the allegations in the first sentence of Paragraph 268.  Commerce denies the remaining allegations in Paragraph 268.

269.     The first sentence of Paragraph 269 states a legal conclusion and does not require a response.  To the extent a response is required, Lexington Express denies the allegations in the

first sentence of Paragraph 269. Lexington Express denies the remaining allegations in Paragraph 269.

270. The first sentence of Paragraph 270 states a legal conclusion and does not require a response. To the extent a response is required, Mississippi Express denies the allegations in the first sentence of Paragraph 270. Mississippi Express denies the remaining allegations in Paragraph 270.

271. The first sentence of Paragraph 271 states a legal conclusion and does not require a response. To the extent a response is required, Kentucky Express denies the allegations in the first sentence of Paragraph 271. Kentucky Express denies the remaining allegations in Paragraph 271.

272. The first sentence of Paragraph 272 states a legal conclusion and does not require a response. To the extent a response is required, Complete Shipping denies the allegations in the first sentence of Paragraph 272. Complete Shipping denies the remaining allegations in Paragraph 272.

273. The first sentence of Paragraph 273 states a legal conclusion and does not require a response. To the extent a response is required, Cradduck denies the allegations in the first sentence of Paragraph 273. Cradduck denies the remaining allegations in Paragraph 273.

274. The first sentence of Paragraph 274 states a legal conclusion and does not require a response. To the extent a response is required, Creative denies the allegations in the first sentence of Paragraph 274. Creative denies the remaining allegations in Paragraph 274.

275.     The first sentence of Paragraph 275 states a legal conclusion and does not require a response.  To the extent a response is required, Curry denies the allegations in the first sentence of Paragraph 275.  Curry denies the remaining allegations in Paragraph 275.

276.     The first sentence of Paragraph 276 states a legal conclusion and does not require a response.   To the extent a response is required, Dabar denies the allegations in the first sentence of Paragraph 276.  Dabar denies the remaining allegations in Paragraph 276.

277.     Counterclaim Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 277, and deny the allegations on that basis.

278.     The first sentence of Paragraph 278 states a legal conclusion and does not require a response.   To the extent a response is required, Diamond denies the allegations in the first sentence of Paragraph 278.  Diamond denies the remaining allegations in Paragraph 278.

279.     The first sentence of Paragraph 279 states a legal conclusion and does not require a response.  To the extent a response is required, DJB denies the allegations in the first sentence of Paragraph 279.  DJB denies the remaining allegations in Paragraph 279.

280.     The first sentence of Paragraph 280 states a legal conclusion and does not require a response.  To the extent a response is required, DLS denies the allegations in the first sentence of Paragraph 280.  DLS denies the remaining allegations in Paragraph 280.

281.     The first sentence of Paragraph 281 states a legal conclusion and does not require a response.  To the extent a response is required, DRC denies the allegations in the first sentence of Paragraph 281.  DRC denies the remaining allegations in Paragraph 281.

282.    The first sentence of Paragraph 282 states a legal conclusion and does not require a response.  To the extent a response is required, Eagle's Wings denies the allegations in the first sentence of Paragraph 282.  Eagle's Wings denies the remaining allegations in Paragraph 282.

283.    The first sentence of Paragraph 283 states a legal conclusion and does not require a response.  To the extent a response is required, El Paso denies the allegations in the first sentence of Paragraph 283.  El Paso denies the remaining allegations in Paragraph 283.

284.    The first sentence of Paragraph 284 states a legal conclusion and does not require a response.  To the extent a response is required, Essex denies the allegations in the first sentence of Paragraph 284.  Essex denies the remaining allegations in Paragraph 284.

285.    The first sentence of Paragraph 285 states a legal conclusion and does not require a response.  To the extent a response is required, Express One denies the allegations in the first sentence of Paragraph 285.  Express One denies the remaining allegations in Paragraph 285.

286.    The first sentence of Paragraph 286 states a legal conclusion and does not require a response.  To the extent a response is required, Express Shipments denies the allegations in the first sentence of Paragraph 286.  Express Shipments denies the remaining allegations in Paragraph 286.

287.    The first sentence of Paragraph 287 states a legal conclusion and does not require a response.  To the extent a response is required, F & M denies the allegations in the first sentence of Paragraph 287.  F & M denies the remaining allegations in Paragraph 287.

288.    The first sentence of Paragraph 288 states a legal conclusion and does not require a response.  To the extent a response is required, Fellowshippers denies the allegations in the first sentence of Paragraph 288.  Fellowshippers denies the remaining allegations in Paragraph 288.

289.     The first sentence of Paragraph 289 states a legal conclusion and does not require a response.  To the extent a response is required, Freight Consultants denies the allegations in the first sentence of Paragraph 289.   Freight Consultants denies the remaining allegations in Paragraph 289.

290.     The first sentence of Paragraph 290 states a legal conclusion and does not require a response.  To the extent a response is required, H.C. Ware denies the allegations in the first sentence of Paragraph 290.  H.C. Ware denies the remaining allegations in Paragraph 290.

291.     The first sentence of Paragraph 291 states a legal conclusion and does not require a response.  To the extent a response is required, Iowa Discount denies the allegations in the first sentence of Paragraph 291.  Iowa Discount denies the remaining allegations in Paragraph 291.

292.     The first sentence of Paragraph 292 states a legal conclusion and does not require a response.  To the extent a response is required, J & D denies the allegations in the first sentence of Paragraph 292.  J & D denies the remaining allegations in Paragraph 292.

293.     The first sentence of Paragraph 293 states a legal conclusion and does not require a response.   To the extent a response is required, Jasper denies the allegations in the first sentence of Paragraph 293.  Jasper denies the remaining allegations in Paragraph 293.

294.     The first sentence of Paragraph 294 states a legal conclusion and does not require a response.  To the extent a response is required, Chamberlain denies the allegations in the first sentence of Paragraph 294.  Chamberlain denies the remaining allegations in Paragraph 294.

295.     The first sentence of Paragraph 295 states a legal conclusion and does not require a response.  To the extent a response is required, JBC denies the allegations in the first sentence of Paragraph 295.  JBC denies the remaining allegations in Paragraph 295.

296.    The first sentence of Paragraph 296 states a legal conclusion and does not require a response.  To the extent a response is required, JFS denies the allegations in the first sentence of Paragraph 296.  JFS denies the remaining allegations in Paragraph 296.

297.    The first sentence of Paragraph 297 states a legal conclusion and does not require a response.  To the extent a response is required, JMcLExpress denies the allegations in the first sentence of Paragraph 297.  JMcLExpress denies the remaining allegations in Paragraph 297.

298.    The first sentence of Paragraph 298 states a legal conclusion and does not require a response.  To the extent a response is required, JMK denies the allegations in the first sentence of Paragraph 298.  JMK denies the remaining allegations in Paragraph 298.

299.    The first sentence of Paragraph 299 states a legal conclusion and does not require a response.  To the extent a response is required, Jubert denies the allegations in the first sentence of Paragraph 299.  Jubert denies the remaining allegations in Paragraph 299.

300.    The first sentence of Paragraph 300 states a legal conclusion and does not require a response.  To the extent a response is required, K & R denies the allegations in the first sentence of Paragraph 300.  K & R denies the remaining allegations in Paragraph 300.

301.    The first sentence of Paragraph 301 states a legal conclusion and does not require a response.  To the extent a response is required, Kasel denies the allegations in the first sentence of Paragraph 301.  Kasel denies the remaining allegations in Paragraph 301.

302.    The first sentence of Paragraph 302 states a legal conclusion and does not require a response.  To the extent a response is required, KEBA denies the allegations in the first sentence of Paragraph 302.  KEBA denies the remaining allegations in Paragraph 302.

303.     The first sentence of Paragraph 303 states a legal conclusion and does not require a response.   To the extent a response is required, Keyroc denies the allegations in the first sentence of Paragraph 303.  Keyroc denies the remaining allegations in Paragraph 303.

304.     The first sentence of Paragraph 304 states a legal conclusion and does not require a response.  To the extent a response is required, Lake denies the allegations in the first sentence of Paragraph 304.  Lake denies the remaining allegations in Paragraph 304.

305.     The first sentence of Paragraph 305 states a legal conclusion and does not require a response.   To the extent a response is required, Landshire denies the allegations in the first sentence of Paragraph 305.  Landshire denies the remaining allegations in Paragraph 305.

306.     The first sentence of Paragraph 306 states a legal conclusion and does not require a response.  To the extent a response is required, LKO denies the allegations in the first sentence of Paragraph 306.  LKO denies the remaining allegations in Paragraph 306.

307.     The first sentence of Paragraph 307 states a legal conclusion and does not require a response.   To the extent a response is required, Manatee denies the allegations in the first sentence of Paragraph 307.  Manatee denies the remaining allegations in Paragraph 307.

308.     The first sentence of Paragraph 308 states a legal conclusion and does not require a response.  To the extent a response is required, MDC denies the allegations in the first sentence of Paragraph 308.  MDC denies the remaining allegations in Paragraph 308.

309.     The first sentence of Paragraph 309 states a legal conclusion and does not require a response.   To the extent a response is required, Mercari denies the allegations in the first sentence of Paragraph 309.  Mercari denies the remaining allegations in Paragraph 309.

310.    The first sentence of Paragraph 310 states a legal conclusion and does not require a response.  To the extent a response is required, Little denies the allegations in the first sentence of Paragraph 310.  Little denies the remaining allegations in Paragraph 310.

311.    The first sentence of Paragraph 311 states a legal conclusion and does not require a response.  To the extent a response is required, Mid Atlantic denies the allegations in the first sentence of Paragraph 311.  Mid Atlantic denies the remaining allegations in Paragraph 311.

312.    The first sentence of Paragraph 312 states a legal conclusion and does not require a response.   To the extent a response is required, Midway denies the allegations in the first sentence of Paragraph 312.  Midway denies the remaining allegations in Paragraph 312.

313.    The first sentence of Paragraph 313 states a legal conclusion and does not require a response.  To the extent a response is required, Mijo denies the allegations in the first sentence of Paragraph 313.  Mijo denies the remaining allegations in Paragraph 313.

314.    The first sentence of Paragraph 314 states a legal conclusion and does not require a response.  To the extent a response is required, Mitchell & Dixon denies the allegations in the first sentence of Paragraph 314.  Mitchell & Dixon denies the remaining allegations in Paragraph 314.

315.    The first sentence of Paragraph 315 states a legal conclusion and does not require a response.  To the extent a response is required, Montana Global denies the allegations in the first sentence of Paragraph 315.  Montana Global denies the remaining allegations in Paragraph 315.

316.    The first sentence of Paragraph 316 states a legal conclusion and does not require a response.  To the extent a response is required, Morning Star denies the allegations in the first sentence of Paragraph 316.  Morning Star denies the remaining allegations in Paragraph 316.

317.    The first sentence of Paragraph 317 states a legal conclusion and does not require a response.  To the extent a response is required, MT Shipping denies the allegations in the first sentence of Paragraph 317.  MT Shipping denies the remaining allegations in Paragraph 317.

318.    The first sentence of Paragraph 318 states a legal conclusion and does not require a response.  To the extent a response is required, Mullen denies the allegations in the first sentence of Paragraph 318.  Mullen denies the remaining allegations in Paragraph 318.

319.    The first sentence of Paragraph 319 states a legal conclusion and does not require a response.  To the extent a response is required, OK Shippers denies the allegations in the first sentence of Paragraph 319.  OK Shippers denies the remaining allegations in Paragraph 319.

320.    The first sentence of Paragraph 320 states a legal conclusion and does not require a response.  To the extent a response is required, Performance Logistics denies the allegations in the first sentence of Paragraph 320.  Performance Logistics denies the remaining allegations in Paragraph 320.

321.    The first sentence of Paragraph 321 states a legal conclusion and does not require a response.  To the extent a response is required, QSI denies the allegations in the first sentence of Paragraph 321.  QSI denies the remaining allegations in Paragraph 321.

322.    The first sentence of Paragraph 322 states a legal conclusion and does not require a response.  To the extent a response is required, Rabbits denies the allegations in the first sentence of Paragraph 322.  Rabbits denies the remaining allegations in Paragraph 322.

323.    The first sentence of Paragraph 323 states a legal conclusion and does not require a response.  To the extent a response is required, RAV denies the allegations in the first sentence of Paragraph 323.  RAV denies the remaining allegations in Paragraph 323.

324.    The first sentence of Paragraph 324 states a legal conclusion and does not require a response.  To the extent a response is required, RedOak Shipping of Oakland denies the allegations in the first sentence of Paragraph 324.  RedOak Shipping of Oakland denies the remaining allegations in Paragraph 324.

325.    The first sentence of Paragraph 325 states a legal conclusion and does not require a response.  To the extent a response is required, RedOak Shipping denies the allegations in the first sentence of Paragraph 325.  RedOak Shipping denies the remaining allegations in Paragraph 325.

326.    The first sentence of Paragraph 326 states a legal conclusion and does not require a response.  To the extent a response is required, Reid Bros. denies the allegations in the first sentence of Paragraph 326.  Reid Bros. denies the remaining allegations in Paragraph 326.

327.    The first sentence of Paragraph 327 states a legal conclusion and does not require a response.  To the extent a response is required, Roberts denies the allegations in the first sentence of Paragraph 327.  Roberts denies the remaining allegations in Paragraph 327.

328.    The first sentence of Paragraph 328 states a legal conclusion and does not require a response.  To the extent a response is required, Rock Solid denies the allegations in the first sentence of Paragraph 328.  Rock Solid denies the remaining allegations in Paragraph 328.

329.    The first sentence of Paragraph 329 states a legal conclusion and does not require a response.  To the extent a response is required, San Jose denies the allegations in the first sentence of Paragraph 329.  San Jose denies the remaining allegations in Paragraph 329.

330.    The first sentence of Paragraph 330 states a legal conclusion and does not require a response.  To the extent a response is required, Sankey denies the allegations in the first sentence of Paragraph 330.  Sankey denies the remaining allegations in Paragraph 330.

331.    The first sentence of Paragraph 331 states a legal conclusion and does not require a response.  To the extent a response is required, Shipping Services Boise denies the allegations in the first sentence of Paragraph 331.  Shipping Services Boise denies the remaining allegations in Paragraph 331.

332.    The first sentence of Paragraph 332 states a legal conclusion and does not require a response.  To the extent a response is required, Shipping Services Indiana denies the allegations in the first sentence of Paragraph 332.  Shipping Services Indiana denies the remaining allegations in Paragraph 332.

333.    The first sentence of Paragraph 333 states a legal conclusion and does not require a response.  To the extent a response is required, Shipping Services Ohio denies the allegations in the first sentence of Paragraph 333.  Shipping Services Ohio denies the remaining allegations in Paragraph 333.

334.    The first sentence of Paragraph 334 states a legal conclusion and does not require a response.  To the extent a response is required, Ship4Less denies the allegations in the first sentence of Paragraph 334.  Ship4Less denies the remaining allegations in Paragraph 334.

335.    The first sentence of Paragraph 335 states a legal conclusion and does not require a response.  To the extent a response is required, Southern Express denies the allegations in the first sentence of Paragraph 335.  Southern Express denies the remaining allegations in Paragraph 335.

336.    The first sentence of Paragraph 336 states a legal conclusion and does not require a response.  To the extent a response is required, Southern Shipping denies the allegations in the first sentence of Paragraph 336.  Southern Shipping denies the remaining allegations in Paragraph 336.

337.    The first sentence of Paragraph 337 states a legal conclusion and does not require a response.  To the extent a response is required, Spectrum denies the allegations in the first sentence of Paragraph 337.  Spectrum denies the remaining allegations in Paragraph 337.

338.    The first sentence of Paragraph 338 states a legal conclusion and does not require a response.  To the extent a response is required, Spirit denies the allegations in the first sentence of Paragraph 338.  Spirit denies the remaining allegations in Paragraph 338.

339.    The first sentence of Paragraph 339 states a legal conclusion and does not require a response.  To the extent a response is required, SR Logistics denies the allegations in the first sentence of Paragraph 339.  SR Logistics denies the remaining allegations in Paragraph 339.

340.    The first sentence of Paragraph 340 states a legal conclusion and does not require a response.  To the extent a response is required, Jones denies the allegations in the first sentence of Paragraph 340.  Jones denies the remaining allegations in Paragraph 340.

341.    The first sentence of Paragraph 341 states a legal conclusion and does not require a response.  To the extent a response is required, Steed denies the allegations in the first sentence of Paragraph 341.  Steed denies the remaining allegations in Paragraph 341.

342.    The first sentence of Paragraph 342 states a legal conclusion and does not require a response.   To the extent a response is required, Success denies the allegations in the first sentence of Paragraph 342.  Success denies the remaining allegations in Paragraph 342.

343.    The first sentence of Paragraph 343 states a legal conclusion and does not require a response.   To the extent a response is required, Suncoast denies the allegations in the first sentence of Paragraph 343.  Suncoast denies the remaining allegations in Paragraph 343.

344.    The first sentence of Paragraph 344 states a legal conclusion and does not require a response.  To the extent a response is required, Synergistics denies the allegations in the first sentence of Paragraph 344.  Synergistics denies the remaining allegations in Paragraph 344.

345.    The first sentence of Paragraph 345 states a legal conclusion and does not require a response.  To the extent a response is required, Syracuse Shippers denies the allegations in the first sentence of Paragraph 345.   Syracuse Shippers denies the remaining allegations in Paragraph 345.

346.    The first sentence of Paragraph 346 states a legal conclusion and does not require a response.  To the extent a response is required, Video Co. denies the allegations in the first sentence of Paragraph 346.  Video Co. denies the remaining allegations in Paragraph 346.

347.    The first sentence of Paragraph 347 states a legal conclusion and does not require a response.  To the extent a response is required, Transource denies the allegations in the first sentence of Paragraph 347.  Transource denies the remaining allegations in Paragraph 347.

348.     The first sentence of Paragraph 348 states a legal conclusion and does not require a response.  To the extent a response is required, Transworld of Albany denies the allegations in the first sentence of Paragraph 348.  Transworld of Albany denies the remaining allegations in Paragraph 348.

349.     The first sentence of Paragraph 349 states a legal conclusion and does not require a response.  To the extent a response is required, Transworld of Syracuse denies the allegations in the first sentence of Paragraph 349.  Transworld of Syracuse denies the remaining allegations in Paragraph 349.

350.     The first sentence of Paragraph 350 states a legal conclusion and does not require a response.  To the extent a response is required, Transworld of Westchester denies the allegations in the first sentence of Paragraph 350. Transworld of Westchester denies the remaining allegations in Paragraph 350.

351.     The first sentence of Paragraph 351 states a legal conclusion and does not require a response.  To the extent a response is required, TRB denies the allegations in the first sentence of Paragraph 351.  TRB denies the remaining allegations in Paragraph 351.

352.     The first sentence of Paragraph 352 states a legal conclusion and does not require a response.  To the extent a response is required, United Shippers Association denies the allegations in the first sentence of Paragraph 352.  United Shippers Association denies the remaining allegations in Paragraph 352.

353.    The first sentence of Paragraph 353 states a legal conclusion and does not require a response.  To the extent a response is required, United Shippers Northside denies the allegations in the first sentence of Paragraph 353.  United Shippers Northside denies the remaining allegations in Paragraph 353.

354.    The first sentence of Paragraph 354 states a legal conclusion and does not require a response.  To the extent a response is required, United Shippers Suffolk denies the allegations in the first sentence of Paragraph 354.  United Shippers Suffolk denies the remaining allegations in Paragraph 354.

355.    The first sentence of Paragraph 355 states a legal conclusion and does not require a response.  To the extent a response is required, United Shippers denies the allegations in the first sentence of Paragraph 355.  United Shippers denies the remaining allegations in Paragraph 355.

356.    The first sentence of Paragraph 356 states a legal conclusion and does not require a response.  To the extent a response is required, Vermont Shipping denies the allegations in the first sentence of Paragraph 356.  Vermont Shipping denies the remaining allegations in Paragraph 356.

357.    The first sentence of Paragraph 357 states a legal conclusion and does not require a response.  To the extent a response is required, WWS denies the allegations in the first sentence of Paragraph 357.  WWS denies the remaining allegations in Paragraph 357.

358.     The first sentence of Paragraph 358 states a legal conclusion and does not require a response.  To the extent a response is required, Washington Partners denies the allegations in the first sentence of Paragraph 358.  Washington Partners denies the remaining allegations in Paragraph 358.

359.     The first sentence of Paragraph 359 states a legal conclusion and does not require a response.  To the extent a response is required, Western Shipping denies the allegations in the first sentence of Paragraph 359.  Western Shipping denies the remaining allegations in Paragraph 359.

360.     The first sentence of Paragraph 360 states a legal conclusion and does not require a response.  To the extent a response is required, Wolstad denies the allegations in the first sentence of Paragraph 360.  Wolstad denies the remaining allegations in Paragraph 360.

361.     The first sentence of Paragraph 361 states a legal conclusion and does not require a response.  To the extent a response is required, Zip Ship denies the allegations in the first sentence of Paragraph 361.  Zip Ship denies the remaining allegations in Paragraph 361.

## ANSWER TO THIRD COUNTERCLAIM CAUSE OF ACTION
### For Open Account

362.     In response to Paragraph 362, Counterclaim Defendants reallege and incorporate by reference the answers set forth in Paragraphs 1 through 361 above.

363.     Gulf Coast admits that over the course of its contractual relationship with DHL, DHL provided some services to Gulf Coast's customers and Gulf Coast received invoices for some such services.  Gulf Coast denies the remaining allegations in Paragraph 363.

364.    10YJ admits that over the course of its contractual relationship with DHL, DHL provided some services to 10YJ's customers and 10YJ received invoices for some such services. 10YJ denies the remaining allegations in Paragraph 364.

365.    Advocate admits that over the course of its contractual relationship with DHL, DHL provided some services to Advocate's customers and Advocate received invoices for some such services.  Advocate denies the remaining allegations in Paragraph 365.

366.    AEA admits that over the course of its contractual relationship with DHL, DHL provided some services to AEA's customers and AEA received invoices for some such services. AEA denies the remaining allegations in Paragraph 366.

367.    Air Express admits that over the course of its contractual relationship with DHL, DHL provided some services to Air Express' customers and Air Express received invoices for some such services.  Air Express denies the remaining allegations in Paragraph 367.

368.    ALG Alabama admits that over the course of its contractual relationship with DHL, DHL provided some services to ALG Alabama's customers and ALG Alabama received invoices for some such services.  ALG Alabama denies the remaining allegations in Paragraph 368.

369.    ALG Atlanta East admits that over the course of its contractual relationship with DHL, DHL provided some services to ALG Atlanta East's customers and ALG Atlanta East received invoices for some such services.  ALG Atlanta East denies the remaining allegations in Paragraph 369.

370.    ALG Atlanta Metro admits that over the course of its contractual relationship with DHL, DHL provided some services to ALG Atlanta Metro's customers and ALG Atlanta Metro received invoices for some such services.  ALG Atlanta Metro denies the remaining allegations in Paragraph 370.

371.    AMR admits that over the course of its contractual relationship with DHL, DHL provided some services to AMR's customers and AMR received invoices for some such services. AMR denies the remaining allegations in Paragraph 371.

372.    B & B admits that over the course of its contractual relationship with DHL, DHL provided some services to B & B's customers and B & B received invoices for some such services.  B & B denies the remaining allegations in Paragraph 372.

373.    Bayer & Bayer admits that over the course of its contractual relationship with DHL, DHL provided some services to Bayer & Bayer's customers and Bayer & Bayer received invoices for some such services.  Bayer & Bayer denies the remaining allegations in Paragraph 373.

374.    BMJ admits that over the course of its contractual relationship with DHL, DHL provided some services to BMJ's customers and BMJ received invoices for some such services. BMJ denies the remaining allegations in Paragraph 374.

375.    Boundless admits that over the course of its contractual relationship with DHL, DHL provided some services to Boundless' customers and Boundless received invoices for some such services.  Boundless denies the remaining allegations in Paragraph 375.

376.     Buehler admits that over the course of its contractual relationship with DHL, DHL provided some services to Buehler's customers and Buehler received invoices for some such services.  Buehler denies the remaining allegations in Paragraph 376.

377.     Carnrock admits that over the course of its contractual relationship with DHL, DHL provided some services to Carnrock's customers and Carnrock received invoices for some such services.  Carnrock denies the remaining allegations in Paragraph 377.

378.     Celcorp admits that over the course of its contractual relationship with DHL, DHL provided some services to Celcorp's customers and Celcorp received invoices for some such services.  Celcorp denies the remaining allegations in Paragraph 378.

379.     Central Coast Logistics admits that over the course of its contractual relationship with DHL, DHL provided some services to Central Coast Logistics' customers and Central Coast Logistics received invoices for some such services.  Central Coast Logistics denies the remaining allegations in Paragraph 379.

380.     Central Gulf Coast admits that over the course of its contractual relationship with DHL, DHL provided some services to Central Gulf Coast's customers and Central Gulf Coast received invoices for some such services.  Central Gulf Coast denies the remaining allegations in Paragraph 380.

381.     Central Jersey admits that over the course of its contractual relationship with DHL, DHL provided some services to Central Jersey's customers and Central Jersey received invoices for some such services.  Central Jersey denies the remaining allegations in Paragraph 381.

382.     CKR admits that over the course of its contractual relationship with DHL, DHL provided some services to CKR's customers and CKR received invoices for some such services. CKR denies the remaining allegations in Paragraph 382.

383.     Commerce admits that over the course of its contractual relationship with DHL, DHL provided some services to Commerce's customers and Commerce received invoices for some such services.  Commerce denies the remaining allegations in Paragraph 383.

384.     Lexington Express admits that over the course of its contractual relationship with DHL, DHL provided some services to Lexington Express's customers and Lexington Express received invoices for some such services.  Lexington Express denies the remaining allegations in Paragraph 384.

385.     Mississippi Express admits that over the course of its contractual relationship with DHL, DHL provided some services to Mississippi Express's customers and Mississippi Express received invoices for some such services.  Mississippi Express denies the remaining allegations in Paragraph 385.

386.     Kentucky Express admits that over the course of its contractual relationship with DHL, DHL provided some services to Kentucky Express's customers and Kentucky Express received invoices for some such services.  Kentucky Express denies the remaining allegations in Paragraph 386.

387.     Complete Shipping admits that over the course of its contractual relationship with DHL, DHL provided some services to Complete Shipping's customers and Complete Shipping received invoices for some such services.  Complete Shipping denies the remaining allegations in Paragraph 387.

388.    Cradduck admits that over the course of its contractual relationship with DHL, DHL provided some services to Cradduck's customers and Cradduck received invoices for some such services.  Cradduck denies the remaining allegations in Paragraph 388.

389.    Creative admits that over the course of its contractual relationship with DHL, DHL provided some services to Creative's customers and Creative received invoices for some such services.  Creative denies the remaining allegations in Paragraph 389.

390.    Curry admits that over the course of its contractual relationship with DHL, DHL provided some services to Curry's customers and Curry received invoices for some such services.  Curry denies the remaining allegations in Paragraph 390.

391.    Dabar admits that over the course of its contractual relationship with DHL, DHL provided some services to Dabar's customers and Dabar received invoices for some such services.  Dabar denies the remaining allegations in Paragraph 391.

392.    Counterclaim Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 392, and deny the allegations on that basis.

393.    Diamond admits that over the course of its contractual relationship with DHL, DHL provided some services to Diamond's customers and Diamond received invoices for some such services.  Diamond denies the remaining allegations in Paragraph 393.

394.    DJB admits that over the course of its contractual relationship with DHL, DHL provided some services to DJB's customers and DJB received invoices for some such services. DJB denies the remaining allegations in Paragraph 394.

395.    DLS admits that over the course of its contractual relationship with DHL, DHL provided some services to DLS's customers and DLS received invoices for some such services. DLS denies the remaining allegations in Paragraph 395.

396.    DRC admits that over the course of its contractual relationship with DHL, DHL provided some services to DRC's customers and DRC received invoices for some such services. DRC denies the remaining allegations in Paragraph 396.

397.    Eagle's Wings admits that over the course of its contractual relationship with DHL, DHL provided some services to Eagle's Wings' customers and Eagle's Wings received invoices for some such services.  Eagle's Wings denies the remaining allegations in Paragraph 397.

398.    El Paso admits that over the course of its contractual relationship with DHL, DHL provided some services to El Paso's customers and El Paso received invoices for some such services.  El Paso denies the remaining allegations in Paragraph 398.

399.    Essex admits that over the course of its contractual relationship with DHL, DHL provided some services to Essex's customers and Essex received invoices for some such services.  Essex denies the remaining allegations in Paragraph 399.

400.    Express One admits that over the course of its contractual relationship with DHL, DHL provided some services to Express One's customers and Express One received invoices for some such services.  Express One denies the remaining allegations in Paragraph 400.

401.    Express Shipments admits that over the course of its contractual relationship with DHL, DHL provided some services to Express Shipments' customers and Express Shipments received invoices for some such services.  Express Shipments denies the remaining allegations in Paragraph 401.

402.    F & M admits that over the course of its contractual relationship with DHL, DHL provided some services to F & M's customers and F & M received invoices for some such services.  F & M denies the remaining allegations in Paragraph 402.

403.    Fellowshippers admits that over the course of its contractual relationship with DHL, DHL provided some services to Fellowshippers' customers and Fellowshippers received invoices for some such services.  Fellowshippers denies the remaining allegations in Paragraph 403.

404.    Freight Consultants admits that over the course of its contractual relationship with DHL, DHL provided some services to Freight Consultants' customers and Freight Consultants received invoices for some such services.  Freight Consultants denies the remaining allegations in Paragraph 404.

405.    H.C. Ware admits that over the course of its contractual relationship with DHL, DHL provided some services to H.C. Ware's customers and H.C. Ware received invoices for some such services.  H.C. Ware denies the remaining allegations in Paragraph 405.

406.    Iowa Discount admits that over the course of its contractual relationship with DHL, DHL provided some services to Iowa Discount's customers and Iowa Discount received invoices for some such services.  Iowa Discount denies the remaining allegations in Paragraph 406.

407.     J & D admits that over the course of its contractual relationship with DHL, DHL provided some services to J & D's customers and J & D received invoices for some such services.  J & D denies the remaining allegations in Paragraph 407.

408.     Jasper admits that over the course of its contractual relationship with DHL, DHL provided some services to Jasper's customers and Jasper received invoices for some such services.  Jasper denies the remaining allegations in Paragraph 408.

409.     Chamberlain admits that over the course of its contractual relationship with DHL, DHL provided some services to Chamberlain's customers and Chamberlain received invoices for some such services.  Chamberlain denies the remaining allegations in Paragraph 409.

410.     JBC admits that over the course of its contractual relationship with DHL, DHL provided some services to JBC's customers and JBC received invoices for some such services.  JBC denies the remaining allegations in Paragraph 410.

411.     JFS admits that over the course of its contractual relationship with DHL, DHL provided some services to JFS's customers and JFS received invoices for some such services.  JFS denies the remaining allegations in Paragraph 411.

412.     JMcLExpress admits that over the course of its contractual relationship with DHL, DHL provided some services to JMcLExpress' customers and JMcLExpress received invoices for some such services.  JMcLExpress denies the remaining allegations in Paragraph 412.

413.     JMK admits that over the course of its contractual relationship with DHL, DHL provided some services to JMK's customers and JMK received invoices for some such services.  JMK denies the remaining allegations in Paragraph 413.

414.     Jubert admits that over the course of its contractual relationship with DHL, DHL provided some services to Jubert's customers and Jubert received invoices for some such services.  Jubert denies the remaining allegations in Paragraph 414.

415.     K & R admits that over the course of its contractual relationship with DHL, DHL provided some services to K & R's customers and K & R received invoices for some such services.  K & R denies the remaining allegations in Paragraph 415.

416.     Kasel admits that over the course of its contractual relationship with DHL, DHL provided some services to Kasel's customers and Kasel received invoices for some such services.  Kasel denies the remaining allegations in Paragraph 416.

417.     KEBA admits that over the course of its contractual relationship with DHL, DHL provided some services to KEBA's customers and KEBA received invoices for some such services.  KEBA denies the remaining allegations in Paragraph 417.

418.     Keyroc admits that over the course of its contractual relationship with DHL, DHL provided some services to Keyroc's customers and Keyroc received invoices for some such services.  Keyroc denies the remaining allegations in Paragraph 418.

419.     Lake admits that over the course of its contractual relationship with DHL, DHL provided some services to Lake's customers and Lake received invoices for some such services.  Lake denies the remaining allegations in Paragraph 419.

420.     Landshire admits that over the course of its contractual relationship with DHL, DHL provided some services to Landshire's customers and Landshire received invoices for some such services.  Landshire denies the remaining allegations in Paragraph 420.

421.    LKO admits that over the course of its contractual relationship with DHL, DHL provided some services to LKO's customers and LKO received invoices for some such services. LKO denies the remaining allegations in Paragraph 421.

422.    Manatee admits that over the course of its contractual relationship with DHL, DHL provided some services to Manatee's customers and Manatee received invoices for some such services.  Manatee denies the remaining allegations in Paragraph 422.

423.    MDC admits that over the course of its contractual relationship with DHL, DHL provided some services to MDC's customers and MDC received invoices for some such services. MDC denies the remaining allegations in Paragraph 423.

424.    Mercari admits that over the course of its contractual relationship with DHL, DHL provided some services to Mercari's customers and Mercari received invoices for some such services.  Mercari denies the remaining allegations in Paragraph 424.

425.    Little admits that over the course of its contractual relationship with DHL, DHL provided some services to Little's customers and Little received invoices for some such services. Little denies the remaining allegations in Paragraph 425.

426.    Mid Atlantic admits that over the course of its contractual relationship with DHL, DHL provided some services to Mid Atlantic's customers and Mid Atlantic received invoices for some such services.  Mid Atlantic denies the remaining allegations in Paragraph 426.

427.    Midway admits that over the course of its contractual relationship with DHL, DHL provided some services to Midway's customers and Midway received invoices for some such services.  Midway denies the remaining allegations in Paragraph 427.

428.     Mijo admits that over the course of its contractual relationship with DHL, DHL provided some services to Mijo's customers and Mijo received invoices for some such services. Mijo denies the remaining allegations in Paragraph 428.

429.     Mitchell & Dixon admits that over the course of its contractual relationship with DHL, DHL provided some services to Mitchell & Dixon's customers and Mitchell & Dixon received invoices for some such services.  Mitchell & Dixon denies the remaining allegations in Paragraph 429.

430.     Montana Global admits that over the course of its contractual relationship with DHL, DHL provided some services to Montana Global's customers and Montana Global received invoices for some such services.  Montana Global denies the remaining allegations in Paragraph 430.

431.     Morning Star admits that over the course of its contractual relationship with DHL, DHL provided some services to Morning Star's customers and Morning Star received invoices for some such services.  Morning Star denies the remaining allegations in Paragraph 431.

432.     MT Shipping admits that over the course of its contractual relationship with DHL, DHL provided some services to MT Shipping's customers and MT Shipping received invoices for some such services.  MT Shipping denies the remaining allegations in Paragraph 432.

433.     Mullen admits that over the course of its contractual relationship with DHL, DHL provided some services to Mullen's customers and Mullen received invoices for some such services.  Mullen denies the remaining allegations in Paragraph 433.

434.    OK Shippers admits that over the course of its contractual relationship with DHL, DHL provided some services to OK Shippers' customers and OK Shippers received invoices for some such services.  OK Shippers denies the remaining allegations in Paragraph 434.

435.    Performance Logistics admits that over the course of its contractual relationship with DHL, DHL provided some services to Performance Logistics' customers and Performance Logistics received invoices for some such services.  Performance Logistics denies the remaining allegations in Paragraph 435.

436.    QSI admits that over the course of its contractual relationship with DHL, DHL provided some services to QSI's customers and QSI received invoices for some such services. QSI denies the remaining allegations in Paragraph 436.

437.    Rabbits admits that over the course of its contractual relationship with DHL, DHL provided some services Rabbits' customers and Rabbits received invoices for some such services.  Rabbits denies the remaining allegations in Paragraph 437.

438.    RAV admits that over the course of its contractual relationship with DHL, DHL provided some services to RAV's customers and RAV received invoices for some such services. RAV denies the remaining allegations in Paragraph 438.

439.    RedOak Shipping of Oakland admits that over the course of its contractual relationship with DHL, DHL provided some services to RedOak Shipping of Oakland's customers and RedOak Shipping of Oakland received invoices for some such services.  RedOak Shipping of Oakland denies the remaining allegations in Paragraph 439.

440.     RedOak Shipping admits that over the course of its contractual relationship with DHL, DHL provided some services to RedOak Shipping's customers and RedOak Shipping received invoices for some such services.  RedOak Shipping denies the remaining allegations in Paragraph 440.

441.     Reid Bros. admits that over the course of its contractual relationship with DHL, DHL provided some services to Reid Bros.' customers and Reid Bros. received invoices for some such services.  Reid Bros. denies the remaining allegations in Paragraph 441.

442.     Roberts admits that over the course of its contractual relationship with DHL, DHL provided some services to Roberts' customers and Roberts received invoices for some such services.  Roberts denies the remaining allegations in Paragraph 442.

443.     Rock Solid admits that over the course of its contractual relationship with DHL, DHL provided some services to Rock Solid's customers and Rock Solid received invoices for some such services.  Rock Solid denies the remaining allegations in Paragraph 443.

444.     San Jose admits that over the course of its contractual relationship with DHL, DHL provided some services to San Jose's customers and San Jose received invoices for some such services.  San Jose denies the remaining allegations in Paragraph 444.

445.     Sankey admits that over the course of its contractual relationship with DHL, DHL provided some services to Sankey's customers and Sankey received invoices for some such services.  Sankey denies the remaining allegations in Paragraph 445.

446.     Shipping Services Boise admits that over the course of its contractual relationship with DHL, DHL provided some services to Shipping Services Boise's customers and Shipping Services Boise received invoices for some such services.  Shipping Services Boise denies the remaining allegations in Paragraph 446.

447.     Shipping Services Indiana admits that over the course of its contractual relationship with DHL, DHL provided some services to Shipping Services Indiana's customers and Shipping Services Indiana received invoices for some such services.  Shipping Services Indiana denies the remaining allegations in Paragraph 447.

448.     Shipping Services Ohio admits that over the course of its contractual relationship with DHL, DHL provided some services to Shipping Services Ohio's customers and Shipping Services Ohio received invoices for some such services.  Shipping Services Ohio denies the remaining allegations in Paragraph 448.

449.     Ship4Less admits that over the course of its contractual relationship with DHL, DHL provided some services to Ship4Less's customers and Ship4Less received invoices for some such services.  Ship4Less denies the remaining allegations in Paragraph 449.

450.     Southern Express admits that over the course of its contractual relationship with DHL, DHL provided some services to Southern Express' customers and Southern Express received invoices for some such services.  Southern Express denies the remaining allegations in Paragraph 450.

451.     Southern Shipping admits that over the course of its contractual relationship with DHL, DHL provided some services to Southern Shipping's customers and Southern Shipping received invoices for some such services.  Southern Shipping denies the remaining allegations in Paragraph 451.

452.     Spectrum admits that over the course of its contractual relationship with DHL, DHL provided some services to Spectrum's customers and Spectrum received invoices for some such services.  Spectrum denies the remaining allegations in Paragraph 452.

453.     Spirit admits that over the course of its contractual relationship with DHL, DHL provided some services to Spirit's customers and Spirit received invoices for some such services. Spirit denies the remaining allegations in Paragraph 453.

454.     SR Logistics admits that over the course of its contractual relationship with DHL, DHL provided some services to SR Logistics' customers and SR Logistics received invoices for some such services.  SR Logistics denies the remaining allegations in Paragraph 454.

455.     Jones admits that over the course of its contractual relationship with DHL, DHL provided some services to Jones' customers and Jones received invoices for some such services. Jones denies the remaining allegations in Paragraph 455.

456.     Steed admits that over the course of its contractual relationship with DHL, DHL provided some services to Steed's customers and Steed received invoices for some such services. Steed denies the remaining allegations in Paragraph 456.

457.     Success admits that over the course of its contractual relationship with DHL, DHL provided some services to Success' customers and Success received invoices for some such services.  Success denies the remaining allegations in Paragraph 457.

458.     Suncoast admits that over the course of its contractual relationship with DHL, DHL provided some services to Suncoast's customers and Suncoast received invoices for some such services.  Suncoast denies the remaining allegations in Paragraph 458.

459.     Synergistics admits that over the course of its contractual relationship with DHL, DHL provided some services to Synergistics's customers and Synergistics received invoices for some such services.  Synergistics denies the remaining allegations in Paragraph 459.

460.     Syracuse Shippers admits that over the course of its contractual relationship with DHL, DHL provided some services to Syracuse Shippers's customers and Syracuse Shippers received invoices for some such services.  Syracuse Shippers denies the remaining allegations in Paragraph 460.

461.     Video Co. admits that over the course of its contractual relationship with DHL, DHL provided some services to Video Co.'s customers and Video Co. received invoices for some such services.  Video Co. denies the remaining allegations in Paragraph 461.

462.     Transource admits that over the course of its contractual relationship with DHL, DHL provided some services to Transource's customers and Transource received invoices for some such services.  Transource denies the remaining allegations in Paragraph 462.

463.     Transworld of Albany admits that over the course of its contractual relationship with DHL, DHL provided some services to Transworld of Albany's customers and Transworld of Albany received invoices for some such services.  Transworld of Albany denies the remaining allegations in Paragraph 463.

464.     Transworld of Syracuse admits that over the course of its contractual relationship with DHL, DHL provided some services to Transworld of Syracuse's customers and Transworld of Syracuse received invoices for some such services.   Transworld of Syracuse denies the remaining allegations in Paragraph 464.

465.     Transworld of Westchester admits that over the course of its contractual relationship with DHL, DHL provided some services to Transworld of Westchester's customers and Transworld of Westchester received invoices for some such services.   Transworld of Westchester denies the remaining allegations in Paragraph 465.

466.     TRB admits that over the course of its contractual relationship with DHL, DHL provided some services to TRB's customers and TRB received invoices for some such services. TRB denies the remaining allegations in Paragraph 466.

467.     United Shippers Association admits that over the course of its contractual relationship with DHL, DHL provided some services to United Shippers Association's customers and United Shippers Association received invoices for some such services.   United Shippers Association denies the remaining allegations in Paragraph 467.

468.     United Shippers Northside admits that over the course of its contractual relationship with DHL, DHL provided some services to United Shippers Northside's customers and United Shippers Northside received invoices for some such services.   United Shippers Northside denies the remaining allegations in Paragraph 468.

469.     United Shippers Suffolk admits that over the course of its contractual relationship with DHL, DHL provided some services to United Shippers Suffolk's customers and United Shippers Suffolk received invoices for some such services.  United Shippers Suffolk denies the remaining allegations in Paragraph 469.

470.     United Shippers admits that over the course of its contractual relationship with DHL, DHL provided some services to United Shippers' customers and United Shippers received invoices for some such services.  United Shippers denies the remaining allegations in Paragraph 470.

471.     Vermont Shipping admits that over the course of its contractual relationship with DHL, DHL provided some services to Vermont Shipping's customers and Vermont Shipping received invoices for some such services.  Vermont Shipping denies the remaining allegations in Paragraph 471.

472.     WWS admits that over the course of its contractual relationship with DHL, DHL provided some services to WWS's customers and WWS received invoices for some such services.  WWS denies the remaining allegations in Paragraph 472.

473.     Washington Partners admits that over the course of its contractual relationship with DHL, DHL provided some services to Washington Partners' customers and Washington Partners received invoices for some such services.  Washington Partners denies the remaining allegations in Paragraph 473.

474.    Western Shipping admits that over the course of its contractual relationship with DHL, DHL provided some services to Western Shipping's customers and Western Shipping received invoices for some such services.  Western Shipping denies the remaining allegations in Paragraph 474.

475.    Wolstad admits that over the course of its contractual relationship with DHL, DHL provided some services to Wolstad's customers and Wolstad received invoices for some such services.  Wolstad denies the remaining allegations in Paragraph 475.

476.    Zip Ship admits that over the course of its contractual relationship with DHL, DHL provided some services to Zip Ship's customers and Zip Ship received invoices for some such services.  Zip Ship denies the remaining allegations in Paragraph 476.

## ANSWER TO FOURTH COUNTERCLAIM CAUSE OF ACTION
### For Quantum Meruit

477.    In response to Paragraph 477, Counterclaim Defendants reallege and incorporate by reference the answers set forth in Paragraphs 1 through 476 above.

478.    Gulf Coast admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Gulf Coast's customers, and that Gulf Coast had knowledge of some such shipping services.  Gulf Coast denies the remaining allegations in Paragraph 478.

479.    10YJ admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to 10YJ's customers, and that 10YJ had knowledge of some such shipping services.  10YJ denies the remaining allegations in Paragraph 479.

480.    Advocate admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Advocate's customers, and that Advocate had knowledge of some such shipping services.   Advocate denies the remaining allegations in Paragraph 480.

481.    AEA admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to AEA's customers, and that AEA had knowledge of some such shipping services.   AEA denies the remaining allegations in Paragraph 481.

482.    Air Express admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Air Express' customers, and that Air Express had knowledge of some such shipping services.   Air Express denies the remaining allegations in Paragraph 482.

483.    ALG Alabama admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to ALG Alabama's customers, and that ALG Alabama had knowledge of some such shipping services.   ALG Alabama denies the remaining allegations in Paragraph 483.

484.    ALG Atlanta East admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to ALG Atlanta East's customers, and that ALG Atlanta East had knowledge of some such shipping services.   ALG Atlanta East denies the remaining allegations in Paragraph 484.

485.    ALG Atlanta Metro admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to ALG Atlanta Metro's customers, and that ALG Atlanta Metro had knowledge of some such shipping services.  ALG Atlanta Metro denies the remaining allegations in Paragraph 485.

486.    AMR admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to AMR's customers, and that AMR had knowledge of some such shipping services.  AMR denies the remaining allegations in Paragraph 486.

487.    B & B admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to B & B's customers, and that B & B had knowledge of some such shipping services.  B & B denies the remaining allegations in Paragraph 487.

488.    Bayer & Bayer admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Bayer & Bayer's customers, and that Bayer & Bayer had knowledge of some such shipping services.  Bayer & Bayer denies the remaining allegations in Paragraph 488.

489.    BMJ admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to BMJ's customers, and that BMJ had knowledge of some such shipping services.  BMJ denies the remaining allegations in Paragraph 489.

490.    Boundless admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Boundless' customers, and that Boundless had knowledge of some such shipping services.  Boundless denies the remaining allegations in Paragraph 490.

491.    Buehler admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Buehler's customers, and that Buehler had knowledge of some such shipping services.  Buehler denies the remaining allegations in Paragraph 491.

492.    Carnrock admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Carnrock's customers, and that Carnrock had knowledge of some such shipping services.  Carnrock denies the remaining allegations in Paragraph 492.

493.    Celcorp admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Celcorp's customers, and that Celcorp had knowledge of some such shipping services.  Celcorp denies the remaining allegations in Paragraph 493.

494.    Central Coast Logistics admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Central Coast Logistics' customers, and that Central Coast Logistics had knowledge of some such shipping services.  Central Coast Logistics denies the remaining allegations in Paragraph 494.

495.    Central Gulf Coast admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Central Gulf Coast's customers, and that Central Gulf Coast had knowledge of some such shipping services.  Central Gulf Coast denies the remaining allegations in Paragraph 495.

496.    Central Jersey admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Central Jersey's customers, and that Central Jersey had knowledge of some such shipping services.  Central Jersey denies the remaining allegations in Paragraph 496.

497.    CKR admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to CKR's customers, and that CKR had knowledge of some such shipping services.  CKR denies the remaining allegations in Paragraph 497.

498.    Commerce admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Commerce's customers, and that Commerce had knowledge of some such shipping services.  Commerce denies the remaining allegations in Paragraph 498.

499.    Lexington Express admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Lexington Express's customers, and that Lexington Express had knowledge of some such shipping services.  Lexington Express denies the remaining allegations in Paragraph 499.

500.    Mississippi Express admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Mississippi Express's customers, and that Mississippi Express had knowledge of some such shipping services.  Mississippi Express denies the remaining allegations in Paragraph 500.

501.    Kentucky Express admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Kentucky Express's customers, and that Kentucky Express had knowledge of some such shipping services.  Kentucky Express denies the remaining allegations in Paragraph 501.

502.    Complete Shipping admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Complete Shipping's customers, and that Complete Shipping had knowledge of some such shipping services.  Complete Shipping denies the remaining allegations in Paragraph 502.

503.    Cradduck admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Cradduck's customers, and that Cradduck had knowledge of some such shipping services.  Cradduck denies the remaining allegations in Paragraph 503.

504.    Creative admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Creative's customers, and that Creative had knowledge of some such shipping services.  Creative denies the remaining allegations in Paragraph 504.

505.    Curry admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Curry's customers, and that Curry had knowledge of some such shipping services.  Curry denies the remaining allegations in Paragraph 505.

506.    Dabar admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Dabar's customers, and that Dabar had knowledge of some such shipping services.  Dabar denies the remaining allegations in Paragraph 506.

507.    Counterclaim Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 507, and deny the allegations on that basis.

508.   Diamond admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Diamond's customers, and that Diamond had knowledge of some such shipping services.   Diamond denies the remaining allegations in Paragraph 508.

509.   DJB admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to DJB's customers, and that DJB had knowledge of some such shipping services.   DJB denies the remaining allegations in Paragraph 509.

510.   DLS admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to DLS's customers, and that DLS had knowledge of some such shipping services.   DLS denies the remaining allegations in Paragraph 510.

511.   DRC admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to DRC's customers, and that DRC had knowledge of some such shipping services.   DRC denies the remaining allegations in Paragraph 511.

512.   Eagle's Wings admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Eagle's Wings' customers, and that Eagle's Wings had knowledge of some such shipping services.   Eagle's Wings denies the remaining allegations in Paragraph 512.

513.   El Paso admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to El Paso's customers, and that El Paso had knowledge of some such shipping services.   El Paso denies the remaining allegations in Paragraph 513.

514.     Essex admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Essex's customers, and that Essex had knowledge of some such shipping services.  Essex denies the remaining allegations in Paragraph 514.

515.     Express One admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Express One's customers, and that Express One had knowledge of some such shipping services.  Express One denies the remaining allegations in Paragraph 515.

516.     Express Shipments admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Express Shipments' customers, and that Express Shipments had knowledge of some such shipping services.  Express Shipments denies the remaining allegations in Paragraph 516.

517.     F & M admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to F & M's customers, and that F & M had knowledge of some such shipping services.  F & M denies the remaining allegations in Paragraph 517.

518.     Fellowshippers admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Fellowshippers' customers, and that Fellowshippers had knowledge of some such shipping services.  Fellowshippers denies the remaining allegations in Paragraph 518.

519.     Freight Consultants admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Freight Consultants' customers, and that Freight Consultants had knowledge of some such shipping services.  Freight Consultants denies the remaining allegations in Paragraph 519.

520.    H.C. Ware admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to H.C. Ware's customers, and that H.C. Ware had knowledge of some such shipping services.  H.C. Ware denies the remaining allegations in Paragraph 520.

521.    Iowa Discount admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Iowa Discount's customers, and that Iowa Discount had knowledge of some such shipping services.  Iowa Discount denies the remaining allegations in Paragraph 521.

522.    J & D admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to J & D's customers, and that J & D had knowledge of some such shipping services.  J & D denies the remaining allegations in Paragraph 522.

523.    Jasper admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Jasper's customers, and that Jasper had knowledge of some such shipping services.  Jasper denies the remaining allegations in Paragraph 523.

524.    Chamberlain admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Chamberlain's customers, and that Chamberlain had knowledge of some such shipping services.  Chamberlain denies the remaining allegations in Paragraph 524.

525.    JBC admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to JBC's customers, and that JBC had knowledge of some such shipping services.  JBC denies the remaining allegations in Paragraph 525.

526.     JFS admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to JFS's customers, and that JFS had knowledge of some such shipping services.  JFS denies the remaining allegations in Paragraph 526.

527.     JMcLExpress admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to JMcLExpress' customers, and that JMcLExpress had knowledge of some such shipping services.  JMcLExpress denies the remaining allegations in Paragraph 527.

528.     JMK admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to JMK's customers, and that JMK had knowledge of some such shipping services.  JMK denies the remaining allegations in Paragraph 528.

529.     Jubert admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Jubert's customers, and that Jubert had knowledge of some such shipping services.  Jubert denies the remaining allegations in Paragraph 529.

530.     K & R admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to K & R's customers, and that K & R had knowledge of some such shipping services.  K & R denies the remaining allegations in Paragraph 530.

531.     Kasel admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Kasel's customers, and that Kasel had knowledge of some such shipping services.  Kasel denies the remaining allegations in Paragraph 531.

532.     KEBA admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to KEBA's customers, and that KEBA had knowledge of some such shipping services.  KEBA denies the remaining allegations in Paragraph 532.

533. Keyroc admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Keyroc's customers, and that Keyroc had knowledge of some such shipping services. Keyroc denies the remaining allegations in Paragraph 533.

534. Lake admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Lake's customers, and that Lake had knowledge of some such shipping services. Lake denies the remaining allegations in Paragraph 534.

535. Landshire admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Landshire's customers, and that Landshire had knowledge of some such shipping services. Landshire denies the remaining allegations in Paragraph 535.

536. LKO admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to LKO's customers, and that LKO had knowledge of some such shipping services. LKO denies the remaining allegations in Paragraph 536.

537. Manatee admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Manatee's customers, and that Manatee had knowledge of some such shipping services. Manatee denies the remaining allegations in Paragraph 537.

538. MDC admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to MDC's customers, and that MDC had knowledge of some such shipping services. MDC denies the remaining allegations in Paragraph 538.

539. Mercari admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Mercari's customers, and that Mercari had knowledge of some such shipping services. Mercari denies the remaining allegations in Paragraph 539.

540.    Little admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Little's customers, and that Little had knowledge of some such shipping services.  Little denies the remaining allegations in Paragraph 540.

541.    Mid Atlantic admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Mid Atlantic's customers, and that Mid Atlantic had knowledge of some such shipping services.  Mid Atlantic denies the remaining allegations in Paragraph 541.

542.    Midway admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Midway's customers, and that Midway had knowledge of some such shipping services.  Midway denies the remaining allegations in Paragraph 542.

543.    Mijo admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Mijo's customers, and that Mijo had knowledge of some such shipping services.  Mijo denies the remaining allegations in Paragraph 543.

544.    Mitchell & Dixon admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Mitchell & Dixon's customers, and that Mitchell & Dixon had knowledge of some such shipping services.   Mitchell & Dixon denies the remaining allegations in Paragraph 544.

545.    Montana Global admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Montana Global's customers, and that Montana Global had knowledge of some such shipping services.  Montana Global denies the remaining allegations in Paragraph 545.

546.     Morning Star admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Morning Star's customers, and that Morning Star had knowledge of some such shipping services.  Morning Star denies the remaining allegations in Paragraph 546.

547.     MT Shipping admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to MT Shipping's customers, and that MT Shipping had knowledge of some such shipping services.  MT Shipping denies the remaining allegations in Paragraph 547.

548.     Mullen admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Mullen's customers, and that Mullen had knowledge of some such shipping services.  Mullen denies the remaining allegations in Paragraph 548.

549.     OK Shippers admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to OK Shippers' customers, and that OK Shippers had knowledge of some such shipping services.  OK Shippers denies the remaining allegations in Paragraph 549.

550.     Performance Logistics admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Performance Logistics' customers, and that Performance Logistics had knowledge of some such shipping services.  Performance Logistics denies the remaining allegations in Paragraph 550.

551.     QSI admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to QSI's customers, and that QSI had knowledge of some such shipping services.  QSI denies the remaining allegations in Paragraph 551.

552.    Rabbits admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Rabbits' customers, and that Rabbits had knowledge of some such shipping services.  Rabbits denies the remaining allegations in Paragraph 552.

553.    RAV admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to RAV's customers, and that RAV had knowledge of some such shipping services.  RAV denies the remaining allegations in Paragraph 553.

554.    RedOak Shipping of Oakland admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to RedOak Shipping of Oakland's customers, and that RedOak Shipping of Oakland had knowledge of some such shipping services.  RedOak Shipping of Oakland denies the remaining allegations in Paragraph 554.

555.    RedOak Shipping admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Red Oak Shipping's customers, and that RedOak Shipping had knowledge of some such shipping services.  RedOak Shipping denies the remaining allegations in Paragraph 555.

556.    Reid Bros. admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Reid Bros.' customers, and that Reid Bros. had knowledge of some such shipping services.  Reid Bros. denies the remaining allegations in Paragraph 556.

557.    Roberts admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Roberts' customers, and that Roberts had knowledge of some such shipping services.  Roberts denies the remaining allegations in Paragraph 557.

558.     Rock Solid admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Rock Solid's customers, and that Rock Solid had knowledge of some such shipping services.  Rock Solid denies the remaining allegations in Paragraph 558.

559.     San Jose admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to San Jose's customers, and that San Jose had knowledge of some such shipping services.  San Jose denies the remaining allegations in Paragraph 559.

560.     Sankey admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Sankey's customers, and that Sankey had knowledge of some such shipping services.  Sankey denies the remaining allegations in Paragraph 560.

561.     Shipping Services Boise admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Shipping Services Boise's customers, and that Shipping Services Boise had knowledge of some such shipping services.  Shipping Services Boise denies the remaining allegations in Paragraph 561.

562.     Shipping Services Indiana admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Shipping Services Indiana's customers, and that Shipping Services Indiana had knowledge of some such shipping services. Shipping Services Indiana denies the remaining allegations in Paragraph 562.

563.     Shipping Services Ohio admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Shipping Services Ohio's customers, and that Shipping Services Ohio had knowledge of some such shipping services.  Shipping Services Ohio denies the remaining allegations in Paragraph 563.

564.    Ship4Less admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Ship4Less's customers, and that Ship4Less had knowledge of some such shipping services.   Ship4Less denies the remaining allegations in Paragraph 564.

565.    Southern Express admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Southern Express' customers, and that Southern Express had knowledge of some such shipping services.   Southern Express denies the remaining allegations in Paragraph 565.

566.    Southern Shipping admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Southern Shipping's customers, and that Southern Shipping had knowledge of some such shipping services.   Southern Shipping denies the remaining allegations in Paragraph 566.

567.    Spectrum admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Spectrum's customers, and that Spectrum had knowledge of some such shipping services.   Spectrum denies the remaining allegations in Paragraph 567.

568.    Spirit admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Spirit's customers, and that Spirit had knowledge of some such shipping services.   Spirit denies the remaining allegations in Paragraph 568.

569.    SR Logistics admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to SR Logistics' customers, and that SR Logistics had knowledge of some such shipping services.  SR Logistics denies the remaining allegations in Paragraph 569.

570.    Jones admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Jones' customers, and that Jones had knowledge of some such shipping services.  Jones denies the remaining allegations in Paragraph 570.

571.    Steed admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Steed's customers, and that Steed had knowledge of some such shipping services.  Steed denies the remaining allegations in Paragraph 571.

572.    Success admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Success' customers, and that Success had knowledge of some such shipping services.  Success denies the remaining allegations in Paragraph 572.

573.    Suncoast admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Suncoast's customers, and that Suncoast had knowledge of some such shipping services.  Suncoast denies the remaining allegations in Paragraph 573.

574.    Synergistics admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Synergistics's customers, and that Synergistics had knowledge of some such shipping services.  Synergistics denies the remaining allegations in Paragraph 574.

575.   Syracuse Shippers admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Syracuse Shippers' customers, and that Syracuse Shippers had knowledge of some such shipping services.   Syracuse Shippers denies the remaining allegations in Paragraph 575.

576.   Video Co. admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Video Co.'s customers, and that Video Co. had knowledge of some such shipping services.   Video Co. denies the remaining allegations in Paragraph 576.

577.   Transource admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Transource's customers, and that Transource had knowledge of some such shipping services.   Transource denies the remaining allegations in Paragraph 577.

578.   Transworld of Albany admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Transworld of Albany's customers, and that Transworld of Albany had knowledge of some such shipping services.   Transworld of Albany denies the remaining allegations in Paragraph 578.

579.   Transworld of Syracuse admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Transworld of Syracuse's customers, and that Transworld of Syracuse had knowledge of some such shipping services.   Transworld of Syracuse denies the remaining allegations in Paragraph 579.

580.    Transworld of Westchester admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Transworld of Westchester's customers, and that Transworld of Westchester had knowledge of some such shipping services. Transworld of Westchester denies the remaining allegations in Paragraph 580.

581.    TRB admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to TRB's customers, and that TRB had knowledge of some such shipping services.  TRB denies the remaining allegations in Paragraph 581.

582.    United Shippers Association admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to United Shippers Association's customers, and that United Shippers Association had knowledge of some such shipping services. United Shippers Association denies the remaining allegations in Paragraph 582.

583.    United Shippers Northside admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to United Shippers Northside's customers, and that United Shippers Northside had knowledge of some such shipping services. United Shippers Northside denies the remaining allegations in Paragraph 583.

584.    United Shippers Suffolk admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to United Shippers Suffolk's customers, and that United Shippers Suffolk had knowledge of some such shipping services.  United Shippers Suffolk denies the remaining allegations in Paragraph 584.

585.    United Shippers admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to United Shippers' customers, and that United Shippers had knowledge of some such shipping services.  United Shippers denies the remaining allegations in Paragraph 585.

586.    Vermont Shipping admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Vermont Shipping's customers, and that Vermont Shipping had knowledge of some such shipping services.  Vermont Shipping denies the remaining allegations in Paragraph 586.

587.    WWS admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to WWS's customers, and that WWS had knowledge of some such shipping services.  WWS denies the remaining allegations in Paragraph 587.

588.    Washington Partners admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Washington Partners' customers, and that Washington Partners had knowledge of some such shipping services.  Washington Partners denies the remaining allegations in Paragraph 588.

589.    Western Shipping admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Western Shipping's customers, and that Western Shipping had knowledge of some such shipping services.  Western Shipping denies the remaining allegations in Paragraph 589.

590.    Wolstad admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Wolstad's customers, and that Wolstad had knowledge of some such shipping services.  Wolstad denies the remaining allegations in Paragraph 590.

591.    Zip Ship admits that over the course of its contractual relationship with DHL, DHL provided some shipping services to Zip Ship's customers, and that Zip Ship had knowledge of some such shipping services.  Zip Ship denies the remaining allegations in Paragraph 591.

## PRAYER

1.      Paragraph 1 of the Prayer seeks a legal conclusion and thus does not require a response.  To the extent a response is required, Counterclaim Defendants deny the allegations in Paragraph 1 of the Prayer.

2.      Paragraph 2 of the Prayer seeks a legal conclusion and thus does not require a response.  To the extent a response is required, Counterclaim Defendants deny the allegations in Paragraph 2 of the Prayer.

3.      Paragraph 3 of the Prayer seeks a legal conclusion and thus does not require a response.  To the extent a response is required, Counterclaim Defendants deny the allegations in Paragraph 3 of the Prayer.

4.      Paragraph 4 of the Prayer seeks a legal conclusion and thus does not require a response.  To the extent a response is required, Counterclaim Defendants deny the allegations in Paragraph 4 of the Prayer.

5.      Paragraph 5 of the Prayer seeks a legal conclusion and thus does not require a response.  To the extent a response is required, Counterclaim Defendants deny the allegations in Paragraph 5 of the Prayer.

6.      Paragraph 6 of the Prayer seeks a legal conclusion and thus does not require a response.  To the extent a response is required, Counterclaim Defendants deny the allegations in Paragraph 6 of the Prayer.

## AFFIRMATIVE DEFENSES

1.     DHL fails to state a claim for which relief can be granted.

2.     Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants affirmatively plead the defense of failure of consideration.

3.     Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants affirmatively plead the defense of laches.

4.     Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants affirmatively plead the defense of impossibility.

5.     Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants affirmatively plead the defense of impracticability.

6.     Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants affirmatively plead the defense of frustration of purpose.

7.     Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants affirmatively plead the defense of mistake.

8.     Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants would show that they were prevented from performing any alleged obligations due to DHL's failures to act and failures to perform.

9.     Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants would show that they were excused from performance by DHL's first material breach.

10.      Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants would show that DHL's claims are barred, in whole or in part, by its failure to mitigate its damages, if any.

11.      Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants would show that DHL's claims are barred, in whole or in part, by unclean hands.

12.      Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants would show that DHL's claims are barred, in whole or in part, by fraud.

13.      Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants would show that DHL's claims are barred, in whole or in part, by ratification and/or waiver.

14.      Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants would show that DHL's damages, if any, are subject to offset.

15.      Pleading further, without waiving or limiting the foregoing, Counterclaim Defendants would show that DHL's claims are barred, in whole or in part, by the contractual agreements between DHL and Unishippers and/or between DHL and Counterclaim Defendants.

## COUNTERCLAIM DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Counterclaim Defendants pray as follows:

1.   That DHL take nothing by reason of its Counterclaims;

2.   That judgment be rendered in favor of Counterclaim Defendants;

3.   That Counterclaim Defendants be awarded their costs of suit incurred in defense of these Counterclaims, including attorneys' fees under the contract(s) at issue in this action; and

4.   For such other relief as the Court deems proper.

DATED this 9th day of August, 2010.


                               Schonekas, Evans, McGoey & McEachin, L.L.C.

          By: */s/ Patrick S. McGoey*
                Kyle Schonekas, La. Bar No. 11817
                Patrick S. McGoey, La. Bar No. 24549
                Andrea V. Timpa, La. Bar No. 29455
                Katherine McCray, La. Bar No. 31921
                SCHONEKAS, EVANS, McGOEY
                  & McEACHIN, L.L.C.
                650 Poydras Street, Suite 2105
                New Orleans, Louisiana  70130
                Telephone:  (504) 680-6050
                kyle@swemlaw.com
                patrick@swemlaw.com
                andrea@swemlaw.com
                katherine@swemlaw.com

                *Attorneys for all Plaintiffs*
                *except Dandrea, Inc. and KMD, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 9th day of August, 2010, I caused to be served via Court's ECF electronic filing system the foregoing Plaintiff's Answer and Affirmative Defenses to DHL Express, Inc.'s First Amended Counterclaims to the following:

- **Blaine J. Benard**
  blaine.benard@hro.com,tish.howell@hro.com

- **M. David Eckersley**
  mde@princeyeates.com,geniel@princeyeates.com,docket@princeyeates.com

- **Khai LeQuang**
  klequang@orrick.com,nsweeney@orrick.com,ewestermeyer@orrick.com

- **William W. Oxley**
  woxley@orrick.com,sspencer@orrick.com

- **Christopher S. Ruhland**
  cruhland@orrick.com,nsweeney@orrick.com,ewestermeyer@orrick.com

- **Edwin V. Woodsome , Jr**
  ewoodsome@orrick.com,nsweeney@orrick.com,ewestermeyer@orrick.com

I further certify that on August 9, 2010 I mailed the foregoing document and the notice of electronic filing by placing same in the United States mail, postage prepaid and properly addressed, to the following non-CM/ECF participants:

Dandrea, Inc. and KMD, Inc.
c/o Kevin Dandrea
4098 WILKES DR
MELBOURNE, FL 32901


*/s/ Patrick S. McGoey*