HOLLAND & HART, LLP
George M. Haley (#1995)
Blaine J. Benard (#5661)
Eric G. Maxfield (#8668)
J. Andrew Sjoblom (#10860)
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Tel: 801-799-5800
Fax: 801-799-5700
BJBenard@hollandhart.com
GMHaley@hollandhart.com
EGMaxfield@hollandhart.com
JASjoblojm@hollandhart.com

Edwin V. Woodsome, Jr. *(pro hac vice)*
William W. Oxley *(pro hac vice)*
Christopher S. Ruhland *(pro hac vice)*
Andrew S. Wong *(pro hac vice)*
Dechert LLP
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
Tel: 213-808-5700
Fax:  213-808-5760
Ed.Woodsome@dechert.com
William.Oxley@dechert.com
Christopher.Ruhland@dechert.com
Andrew.Wong@dechert.com

Attorneys for Defendant DHL Express (USA), Inc.

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GULF COAST SHIPPERS LIMITED PARTNERSHIP, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>DHL EXPRESS (USA), INC., an Ohio corporation, et al.<br><br>      Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFFS' FOURTH SUPPLEMENTAL AND AMENDED COMPLAINT**<br><br>Case No. 2:09-cv-221<br><br>Judge Dale A. Kimball<br>Magistrate Judge Paul M. Warner |

5230436v1

Defendants DHL Express (USA), Inc. ("DHL") and DPWN Holdings (USA), Inc. ("DPWN"), sometimes collectively referred to as "DHL," hereby submit their answer and affirmative defenses to Plaintiffs' Fourth Supplemental and Amended Complaint and state as follows:

**PARTIES**

1.     DHL admits, on information and belief, that Plaintiffs are either Unishippers franchisees from across the United States, or are said franchisees' wholly owned subsidiaries, or successors in interest, including the entities listed in Paragraphs 1.a – 1.nnnnn.

2.     DHL admits the allegations in Paragraph 2.

3.     DPWN denies the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4.     DHL states that the allegations in Paragraph 4 seek a legal conclusion.  DHL admits that this Court has jurisdiction in this matter but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4.

5.     DHL states that the allegations in Paragraph 5 seek a legal conclusion.

6.     DHL states that the allegations in Paragraph 6 seek a legal conclusion.  DHL admits that this Court has jurisdiction in this matter but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6.

7.     DHL states that the allegations in Paragraph 7 seek a legal conclusion. DHL admits that this Court has jurisdiction in this matter but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 7.

8.    DHL states that the allegations in Paragraph 8 seek a legal conclusion.  DHL admits that venue is proper in this matter but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8.

## FACTUAL ALLEGATIONS COMMON TO ALL PLAINTIFFS, DHL, UNISHIPPERS, AND PLAINTIFFS

9.    DHL admits that it is an air and ground shipping company that, along with affiliated companies, operates a global delivery network in over 220 countries and territories.

10.    DHL admits that it has agreements with resellers to sell its shipping services.

11.    DHL admits that Unishippers Global Logistics, LLC ("Unishippers") is a Delaware limited liability company with its principal place of business in Salt Lake City, Utah. DHL further admits that Unishippers was a DHL reseller.  DHL denies the remaining allegations in Paragraph 11.

12.    DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies them.

13.    DHL admits that it negotiates special rates for shipping services with resellers, who then market and sell DHL's shipping services to customers at rates set by the reseller.  DHL lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, denies them.

14.    DHL admits that it negotiates special rates for shipping services with resellers, who then market and sell DHL's shipping services to customers at rates set by the reseller.  DHL denies the remaining allegations in Paragraph 14.

15.    DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies them.

16.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies them.

17.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies them.

18.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

## THE NATIONAL ACCOUNT AGREEMENT

19.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne Freight Corporation ("Airborne") and Unishippers Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 19.

20.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 20.

21.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 21.

22.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers

Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 22.

23.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 23.

24.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 24.

25.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 25.

26.     DHL denies the allegations in Paragraph 26.

27.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 27.

28.     DHL denies the allegations in Paragraph 28.

29.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers

Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 29.

30.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 30.

## PLAINTIFFS' RELATIONSHIP WITH DHL

31.     DHL admits Airborne was DHL's predecessor under the National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers Association, Inc.

32.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 32.

33.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 33.

34.     DHL states that the allegations in Paragraph 34 seek a legal conclusion.  DHL denies the remaining allegations in Paragraph 34.

35.     DHL denies the allegations in Paragraph 35.

36.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies them.

37.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies them.

38.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies them.

39.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies them.

40.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies them.

41.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies them.

42.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies them.

43.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies them.

### DHL AND DPWN'S PLAN FOR DHL TO ABANDON ITS U.S. DOMESTIC SERVICES

44.     DHL admits that in the fall of 2008, due to competitive forces and continuing and severe downturns in the U.S. market, DHL made the extremely difficult decision to discontinue U.S. domestic shipping while continuing its international shipping business.  DHL decided it would no longer provide domestic shipping, effective December 10, 2008.

45.     DHL denies the allegations in Paragraph 45.

46.     DHL admits that as part of its restructuring efforts, it changed the scope of pickup services in some areas.  DHL denies the remaining allegations in Paragraph 46.

47.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies them.

48.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies them.

49.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies them.

50.     DHL states the allegations in Paragraph 50 seek a legal conclusion and further denies the allegations in Paragraph 50.

51.     DHL denies the allegations in Paragraph 51.

52.     DHL denies the allegations in Paragraph 52.

53.     DHL denies the allegations in Paragraph 53.

54.     DHL denies the allegations in Paragraph 54.

## THE RESELLER AGREEMENT

55.     DHL states the allegations in Paragraph 55 seek a legal conclusion, and further denies the allegations in Paragraph 55.

56.     DHL admits that DHL and Unishippers entered into a Reseller Agreement dated October 6, 2008.  DHL denies the remaining allegations in Paragraph 56.

57.     DHL denies the allegations in Paragraph 57.

58.     DHL denies the allegations in Paragraph 58.

59.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies them.

60.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies them.

61.     DHL admits that DHL and Unishippers entered into a Reseller Agreement dated October 6, 2008.

62.     DHL admits that DHL and Unishippers entered into a Reseller Agreement dated October 6, 2008, but states that the document speaks for itself and denies the remaining allegations in Paragraph 62.

63.     DHL admits that DHL and Unishippers entered into a Reseller Agreement dated October 6, 2008, but states that the document speaks for itself and denies the remaining allegations in Paragraph 63.

64.     DHL admits that DHL and Unishippers entered into a Reseller Agreement dated October 6, 2008, but states that the document speaks for itself and denies the remaining allegations in Paragraph 64.

65.     DHL admits that DHL and Unishippers entered into a Reseller Agreement dated October 6, 2008, but states that the document speaks for itself and denies the remaining allegations in Paragraph 65.

66.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies them.

67.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies them.

68.     DHL denies the allegations in Paragraph 68.

69.     DHL denies the allegations in Paragraph 69.

## DHL CEASES TO PROVIDE DOMESTIC SERVICES

70.     DHL admits that on or about November 10, 2008, DHL notified Unishippers, its other resellers, and its direct customers that it would no longer be providing domestic U.S. shipping, effective December 10, 2008.  DHL also agreed to accommodate its international customers by handling their domestic shipping through January 30, 2009, to the extent possible.

71.     DHL admits that on or about November 10, 2008, DHL announced that it would no longer be providing domestic U.S. shipping, effective December 10, 2008.  DHL denies the remaining allegations in Paragraph 71.

72.     DHL admits that on or about November 10, 2008, DHL announced that it would no longer be providing domestic shipping, effective December 10, 2008.  DHL lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 72 and, therefore, denies them.

73.     DHL admits it sent a letter to Unishippers on November 10, 2008, but states the document speaks for itself.

74.     DHL admits it sent a letter to Unishippers on November 10, 2008, but states the document speaks for itself.

75.     DHL states that the allegations in Paragraph 75 seek a legal conclusion and further denies the allegations in Paragraph 75.

76.     DHL admits that on or about November 10, 2008, DHL announced that it would no longer be providing domestic shipping, effective December 10, 2008.  DHL further admits it

sent a letter to Unishippers on November 10, 2008.  DHL denies the remaining allegations in Paragraph 76.

76.

77.     DHL denies the allegations in Paragraph 77.

78.     DHL admits it sent a letter to Unishippers on November 10, 2008, but states the document speaks for itself.  DHL admits that the wind-down of domestic shipping involved closing many of DHL's stations and trucking routes.  DHL lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 78 and, therefore, denies them.

79.     DHL denies the allegations in Paragraph 79.

80.     DHL denies the allegations in Paragraph 80.

81.     DHL denies the allegations in Paragraph 81.

82.     DHL denies the allegations in Paragraph 82.

83.     DHL denies the allegations in Paragraph 83.

84.     DHL denies the allegations in Paragraph 84.

85.     DHL denies the allegations in Paragraph 85.

86.     DHL denies the allegations in Paragraph 86.

87.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, denies them.

88.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 and, therefore, denies them.

89.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 and, therefore, denies them.

90.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the  allegations in Paragraph 90 and, therefore, denies them.

91.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 and, therefore, denies them.

## DHL'S BILLING PRACTICES

92.     DHL denies the allegations in Paragraph 92.

93.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93 and, therefore, denies them.

94.     DHL admits that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally between Airborne and Unishippers Association, Inc., DHL's and Unishippers' respective predecessors under the agreement, but states that the document speaks for itself and denies the remaining allegations in Paragraph 94 and its subparagraphs (a) through (e).

95.     DHL denies the allegations in Paragraph 95.

96.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96 and, therefore, denies them.

97.     DHL denies the allegations in Paragraph 97.

## DHL'S REFUSAL TO HONOR THE SHIP READY GUARANTEE

98.     DHL admits that it previously had a product called ShipReady.  DHL denies the allegations in Paragraph 98.

99.     DHL admits that the ShipReady product was a prepaid, flat-rate delivery product that did not require the user to fill out a waybill.

100.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 and, therefore, denies them.

101.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101 and, therefore, denies them.

102.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102 and, therefore, denies them.

103.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103 and, therefore, denies them.

104.     DHL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104 and, therefore, denies them.

### COUNT I: RESCISSION OF THE RESELLER AGREEMENT

105.     In response to Paragraph 105, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

106.     In response to Paragraph 106, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

107.     In response to Paragraph 107, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

108.     In response to Paragraph 108, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

109.     In response to Paragraph 109, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

110.     In response to Paragraph 110, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

111.     In response to Paragraph 111, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

112.     In response to Paragraph 112, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

113.     In response to Paragraph 113, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

114.     In response to Paragraph 114, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

115.     In response to Paragraph 115, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

116.     In response to Paragraph 116, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

117.     In response to Paragraph 117, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

118.     In response to Paragraph 118, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

119.     In response to Paragraph 119, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

120.     In response to Paragraph 120, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

121.     In response to Paragraph 121, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

122.     In response to Paragraph 122, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

123.     In response to Paragraph 123, DHL has filed a Motion to Dismiss Count I of Plaintiffs' Fourth Amended Complaint, and therefore no response is required.

<u>**COUNT II: DECLARATORY JUDGMENT**</u>
<u>**AGAINST DHL**</u>

124.     In response to Paragraph 124, DHL realleges and incorporates by reference the responses set forth in Paragraphs 1-123 above.

125.     DHL states that the allegations in Paragraph 125 seek a legal conclusion and therefore denies them.

126.     DHL states that the allegations in Paragraph 126, including its subparagraphs, seek a legal conclusion and therefore denies them.

<u>**COUNTS III AND IV: BREACH OF CONTRACT AND BAD FAITH**</u>
<u>**BREACH OF CONTRACT AGAINST DHL**</u>

127.     In response to Paragraph 127, DHL realleges and incorporates by reference the responses set forth in Paragraphs 1-126 above.

128.     DHL admits that DHL and Unishippers are parties to the National Account Agreement dated September 21, 1994.  DHL further states that the remaining allegations in Paragraph 128 seek a legal conclusion and therefore denies them.

129.     DHL denies the allegations in Paragraph 129.

130.     DHL denies the allegations in Paragraph 130 and its subparagraphs.

131.    DHL denies the allegations in Paragraph 131.

132.    DHL denies the allegations in Paragraph 132.

133.    DHL denies the allegations in Paragraph 133.

### COUNT V: UNFAIR TRADE PRACTICES
### AGAINST DPWN

134.    In response to Paragraph 134, DHL realleges and incorporates by reference the

responses set forth in Paragraphs 1-133 above.

135.    DHL denies the allegations in Paragraph 135.  DHL lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in Paragraph 135 and

therefore denies them.

136.    DHL denies the allegations in Paragraph 136.

137.    DHL denies the allegations in Paragraph 137.

138.    DHL denies the allegations in Paragraph 138.

139.    DHL denies the allegations in Paragraph 139.

140.    DHL denies the allegations in Paragraph 140.

### COUNTS VI AND VII: INTENTIONAL INTERFERENCE WITH
### CONTRACTS AND/OR PROSPECTIVE ECONOMIC/CONTRACTUAL
### RELATIONS AGAINST DPWN

141.    In response to Paragraph 141, DHL realleges and incorporates by reference the

responses set forth in Paragraphs 1-140 above.

142.    DHL denies the allegations in Paragraph 142.

143.    DHL denies the allegations in Paragraph 143.

144.    DHL denies the allegations in Paragraph 144.

145.    DHL denies the allegations in Paragraph 145.

146.   DHL denies the allegations in Paragraph 146.

147.   DHL denies the allegations in Paragraph 147.

148.   DHL denies the allegations in Paragraph 148.

149.   DHL denies the allegations in Paragraph 149.

150.   DHL denies the allegations in Paragraph 150.

151.   DHL denies the allegations in Paragraph 151.

## COUNT IX: BREACH OF READY SHIP EXPRESS CONTRACT AGAINST DHL

152.   In response to Paragraph 152, DHL realleges and incorporates by reference the responses set forth in Paragraphs 1-151 above.

153.   DHL states that the allegations in Paragraph 153 call for a legal conclusion and DHL therefore denies them.

154.   DHL denies the allegations in Paragraph 154.

155.   DHL denies the allegations in Paragraph 155.

156.   DHL denies the allegations in Paragraph 156.

157.   DHL denies the allegations in Paragraph 157.

158.   DHL denies the allegations in Paragraph 158.

## JURY DEMAND

159.   DHL responds that the allegations in Paragraph 159 seek a legal conclusion and therefore denies them.

160.   DHL denies any allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs fail to state a claim for which relief can be granted.

2.      Pleading further, without waiving or limiting the foregoing, DHL and DPWN affirmatively plead the defense of failure of consideration.

3.      Pleading further, without waiving or limiting the foregoing, DHL and DPWN affirmatively plead the defense of laches.

4.      Pleading further, without waiving or limiting the foregoing, DHL and DPWN affirmatively plead the defense of impossibility.

5.      Pleading further, without waiving or limiting the foregoing, DHL and DPWN affirmatively plead the defense of impracticability.

6.      Pleading further, without waiving or limiting the foregoing, DHL and DPWN affirmatively plead the defense of frustration of purpose.

7.      Pleading further, without waiving or limiting the foregoing, DHL and DPWN affirmatively plead the defense of mistake.

8.      Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that they were prevented from performing any alleged obligations due to Plaintiffs' actions and failures to act.

9.      Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that they were excused from performance by Plaintiffs' first breach.

10.      Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their damages, if any.

11.      Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, by unclean hands.

12.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' and Unishippers' failures to disclose the October 22, 2008 UPS Agreement, which constitute a breach of the duty of good faith and fair dealing.

13.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, by the doctrines of ratification and/or waiver.

14.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' damages, if any, are subject to offset.

15.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, by the contractual agreement between DHL and Unishippers.

16.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

17.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, by federal preemption under the Airline Deregulation Act of 1978.

18.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, by federal preemption under the Federal Aviation Administration Authorization Act of 1994.

19.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

20.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

21.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, by the doctrine of acceptance of contract benefits.

22.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, by the defense of release.

23.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims are barred, in whole or in part, because the Reseller Agreement constitutes a novation of the National Account Agreement to the extent it changed the rights and obligations of the parties.

24.     Pleading further, without waiving or limiting the foregoing, DHL and DPWN would show that Plaintiffs' claims against DPWN are barred, in whole or in part, for failure to state a cause of action against DPWN.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, defendants pray as follows:

1.     That Plaintiffs take nothing by reason of their complaint;

2.     That judgment be rendered in favor of defendants;

3.      That defendants be awarded their costs of suit incurred in defense of this action, including attorneys' fees under the contract(s) at issue in this action; and

4.      For such other relief as the Court deems proper.

DATED this 12th day of September, 2011.


Respectfully submitted,


/s/ Eric G. Maxfield_____

HOLLAND & HART, LLP
Blaine J. Bernard (#5661)
George M. Haley (#1995)
Eric G. Maxfield (#8668)
J. Andrew Sjoblom (#10860)
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Tel: 801-799-5800
Fax: 801-799-5700

DECHERT LLP
Edwin V. Woodsome, Jr. *(pro hac vice)*
William W. Oxley *(pro hac vice)*
Christopher S. Ruhland *(pro hac vice)*
Andrew S. Wong *(pro hac vice)*
Amy L. Rudd *(pro hac vice)*
Eliot J. Walker *(pro hac vice)*
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
Tel: 213-808-5700
Fax:  213-808-5760

*Attorneys for Defendant DHL Express (USA), Inc. and DPWN Holdings (USA), Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of September, 2011, I caused a true and correct copy of the foregoing DEFENDANTS' ANSWER TO PLAINTIFFS' FOURTH SUPPLEMENTAL AND AMENDED COMPLAINT to be served in the following manner upon the addressees listed below:

☐ U.S. Mail, postage prepaid
☐ Hand Delivery
☐ Facsimile
☐ Overnight courier
☒ E-mail and/or CM/ECF

M. David Eckersley
Prince Yeates & Geldzahler
175 East 400 South, Suite 900
Salt Lake City, Utah 84111
mde@princeyeates.com
*Attorneys for Plaintiffs*

☐ U.S. Mail, postage prepaid
☐ Hand Delivery
☐ Facsimile
☐ Overnight courier
☒ E-mail and/or CM/ECF

Kyle Schonekas
Patrick S. McGoey
Maria Marks
Ellie Schilling
SCHONEKAS, EVANS, MCGOEY &
McEACHIN, L.L.C.
650 Poydras Street, Suite 2105
New Orleans, Louisiana  70130
kyle@semmlaw.com
patrick@semmlaw.com
maria@semmlaw.com
ellie@semmlaw.com
*Attorneys for Plaintiffs*

/s/  Lori Cuskelly