## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

|  |  |
|---|---|
| **GULF COAST SHIPPERS LIMITED PARTNERSHIP et al.,**<br><br>            **Plaintiffs,**<br><br>**vs.**<br><br>**DHL EXPRESS (USA), INC., an Ohio Corporation, and DPWN Holdings, Inc.**<br><br>            **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No.  2:09CV221 DAK** |

This matter is before the court on a Motion for Partial Summary Judgment on the Third-Party Beneficiary Issue, filed by the four "Phase-One Trial Plaintiffs" (hereinafter "Plaintiffs").[1] A hearing on the motion was held on June 29, 2011.  At the hearing, Plaintiffs were represented by Patrick S. McGoey and Kyle D. Schonekas.  Defendants DHL Express (USA), Inc., and DPWN Holdings, Inc. (collectively, "DHL") were represented by Blaine J. Benard.  The court has carefully considered the memoranda and other materials submitted by the parties.   Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

---

[1]   The Phase One Plaintiffs are: AEA Services, Inc. ("AEA"), Gulf Coast Shippers Limited Partnership ("Gulf Coast"); Kasel Enterprises, LLC. ("Kasel"), and Lake Country Logistics, LLC ("Lake Country").

Plaintiffs seek a ruling that, as a matter of law, they are third-party beneficiaries of two agreements: the National Account Agreement and the Reseller Agreement, with rights to enforce those agreements.  DHL disagrees, arguing that the relevant third-party beneficiary test is articulated in Utah's "separate and distinct benefit" requirement, as set forth in *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assoc.,* Inc., 2001 UT 54, 28 P.3d 669 (Utah 2001), which, DHL asserts, Plaintiffs do not satisfy.   At the very least, DHL contends, there is a question of fact about whether Plaintiffs are third-party beneficiaries.[2]

DHL also requests, under Rule 56(d) of the Federal Rules of Civil Procedure, that the court grant leave to conduct additional discovery if the court  does not deny Plaintiffs' motion. Finally, DHL argues that Plaintiffs' claims are barred by the Airline Deregulation Act and the Federal Aviation Administration Authorization Act.

## DISCUSSION

Third-party beneficiaries are those "recognized as having enforceable rights created in them by a contract to which they are not parties and for which they give no consideration." *Broadwater v. Old Rep. Sur.*, 854 P.2d 527, 536-37 (Utah 1993) (internal quotations and citations omitted); *Rio Algom Corp. v. Jimco, Ltd.*, 618 P.2d 497, 506 (Utah 1980).[3]  For a third

---

[2]  DHL also contends that Plaintiffs' motion is procedurally improper because it does not resolve a "claim."  The court finds no merit to this argument.

[3]  The parties disagree as to which state's law applies in this case.  Plaintiffs contend that the court should apply the substantive law of Utah, Washington, or Florida, asserting that there is

party to have an enforceable right, the contracting parties must have clearly intended to confer a separate and distinct benefit upon the third party. *Id*. A third party who benefits only incidentally from the performance of a contract has no right to recover under that contract. *Id*. at 537.

In determining whether a person is a third-party beneficiary of a contract, "'the predominant inquiry . . . is whether the contracting parties clearly intended the third party to receive a separate and distinct benefit from the contract." *Hermansen v. Tasulis*, 48 P.3d 235, 239 (Utah 2002) (internal citations omitted). The question of whether a third-party-beneficiary status exists "is determined by examining a written contract," and "can be decided on summary judgment as a question of law." *Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1188 (Utah 1996).

In this case, the court finds that the unambiguous terms of the National Account Agreement and the Reseller Agreement demonstrate that the contracting parties clearly intended to provide benefits to Plaintiffs that were separate and distinct from those conferred upon Unishippers.[4] For example, DHL agreed to provide its services *directly* to the franchisees for

---

no material difference between the three states' substantive law on this issue, and thus, the court need not decide which state's law applies. DHL argues that Utah law applies and that, under Utah's "more clearly articulated 'separate and distinct benefit' test," Plaintiffs do not qualify as third-party beneficiaries because the benefits to Plaintiffs and to Unishippers are the same.

The court does not find it necessary to determine whether Washington, Florida, or Utah law applies because the result would be the same under the law of each of these three states. The court has focused on Utah law in this Order because DHL specifically takes issue with Plaintiffs' third-party beneficiary status under Utah law.

[4] In so holding, the court finds that there are no genuine issues as to any material fact. Additionally, because the court finds that the contract language is not ambiguous, the court has not considered any extrinsic evidence to reach its decision.

resale.  DHL agreed to allow the franchisees to resell DHL's services.  DHL gave specialized pricing directly to the franchisees, billed the franchisees directly, collected payment directly from the franchisees, and had contractual rights to default the franchisees individually and separately if the franchisees did not comply with their obligations.  Moreover, the agreements expressly stated and acknowledged that the franchisees had rights under the Agreements and that the franchisees had a direct contractual relationship with DHL.

There is nothing in *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Associates, Inc.*, 2001 UT 54, 28 P.3d 669 (Utah 2001), a case upon which DHL heavily relies, that forecloses the determination that Plaintiffs in this case are third-party beneficiaries.  In addition, the Restatement of Contracts specifically recognizes that both the contracting promisee and the third-party beneficiary are entitled to enforce overlapping duties:

> § 305.  Overlapping Duties To Beneficiary And Promisee
>
> > (1) A promise in a contract creates a duty in the promisor to the promisee to perform the promise even though he also has a similar duty to an intended beneficiary.

Restatement (Second) of Contracts § 305(1) (1981) (emphasis added).  Given that Plaintiffs may enforce overlapping duties with Unishippers, that the contracts unambiguously demonstrate that the contracting parties intended to provide separate and distinct benefits to Plaintiffs, and that Plaintiffs do not seek the same damages as Unishippers, the court finds that both Plaintiffs and Unishippers can recover for DHL's breach of the same covenants.[5]

---

[5] As for DHL's request to conduct additional discovery on this issue, the court concludes that DHL has not carried its burden under Rule 56(d), and therefore, the court denies DHL's

4

Regarding DHL's contention that Plaintiffs' claims are barred, the court has ruled previously–in the related *Unishippers v. DHL* case–that the Airline Deregulation Act and the Federal Aviation Administration Authorization Act do not bar Plaintiffs' claims.  The court, in this case, as in *Unishippers*, finds that Plaintiffs' claims are not preempted by these acts.  *See American Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Partial Summary Judgment on the Third Party Beneficiary Issue [Docket No. 111] is GRANTED. The court finds, as a matter of law, that the Phase-One Trial Plaintiffs are third-party beneficiaries of the National Account Agreement and the Reseller Agreement, with rights to enforce those agreements.

DATED this 22nd day of September, 2011.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

request.