IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **GULF COAST SHIPPERS LIMITED PARTNERSHIP, et al.,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**DHL EXPRESS (USA), INC.,** an Ohio corporation; and **DPWN HOLDINGS (USA), INC.,**<br><br>    **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:09cv221<br><br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Gulf Coast Shippers Limited Partnership, et al.'s (collectively, "Plaintiffs") motion to quash the subpoena of Nancy Haug and/or for a protective order;[2] (2) Plaintiffs' motion to quash the subpoena of Alexander Rossi and/or for a protective order;[3] and (3) Unishippers Global Logistics, LLC's ("Unishippers") motion to quash the subpoena of Mr. Rossi.[4]  On October 14, 2011, the court

---

[1] *See* docket no. 60.

[2] *See* docket no. 268.

[3] *See* docket no. 270.

[4] *See* docket no. 272.

held a hearing on the motions.  At the hearing, Plaintiffs were represented by Patrick S. McGoey and Kyle D. Schonekas; DHL Express (USA), Inc. ("DHL") and DPWN Holdings (USA), Inc. (collectively, "Defendants") were represented by George M. Haley, Christopher S. Ruhland, and Amy Rudd; and Unishippers was represented by Lewis M. Francis and Jessica Wilde.  Before the hearing, the court carefully considered the motions, memoranda, and other materials submitted by the parties.  After considering the arguments of counsel and taking the motions under advisement, the court now being fully advised rules as follows.

First, Plaintiffs' motion to quash the deposition of Ms. Haug and/or for a protective order is **DENIED**.  Plaintiffs do not have standing to move to quash a subpoena served on a nonparty unless they have "a personal right or privilege with respect to the subject matter sought by the subpoena," *Richards v. Convergys Corp.*, No. 2005-cv-00790-DAK, 2007 U.S. Dist. LEXIS 9131, *3 (D. Utah Feb. 6, 2007), and they have not demonstrated the existence of such a right.  They do, however, have standing to move for a protective order, and this court concludes that Plaintiffs have not demonstrated that a protective order is warranted in this instance.  *See* Fed. R. Civ. P. 26(c)(1).  Additionally, the court notes that Ms. Haug does not object to the subpoena and is apparently willing to be deposed.

Second, Plaintiffs' motion to quash the deposition of Mr. Rossi and/or for a protective order is **DENIED**.  Again, Plaintiffs do not have standing to move to quash a subpoena served on a nonparty unless they have "a personal right or privilege with respect to the subject matter sought by the subpoena," *Richards*, 2007 U.S. Dist. LEXIS 9131, at *3, and they have not demonstrated the existence of such a right.  While Plaintiffs do have standing to move for a

protective order, they have not demonstrated that a protective order is warranted in this instance. *See* Fed. R. Civ. P. 26(c)(1).

Third, Unishippers' motion to quash the deposition of Mr. Rossi is **DENIED**. The court concludes that the criteria set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), do not apply here because generally they "only apply to depositions of trial counsel–or counsel directly representing the party in the pending litigation–and then only if the deposition would reveal litigation strategy in the pending case." *Luster v. Schafer*, No. 08-cv-02399-PAB-KMT, 2009 WL 2219255, at *2 (D. Colo. July 23, 2009) (citing cases). Mr. Rossi is not trial counsel, nor would his deposition reveal litigation strategy in the instant case; Defendants seek to depose him regarding his understanding of his negotiations with Airborne Express regarding the National Account Agreement.

This court further concludes that Mr. Rossi was properly served under rule 45 of the Federal Rules of Civil Procedure. While the court recognizes there is a split of authority regarding whether personal in-hand service of a subpoena is required under rule 45, the court is persuaded by the reasoning in *E.A. Renfroe & Co., Inc. v. Moran*, No. 08-cv-00732-RPM-KMT, 2008 WL 1815535, at *3-5 (D. Colo. April 18, 2008) ("The courts that have upheld service by alternative means have uniformly held that what is mandated is that service be made in a manner which reasonably insures actual receipt of the subpoena."). There is no question that Mr. Rossi received the subpoena.

In summary, Plaintiffs' motions to quash and/or for protective orders regarding the depositions of Ms. Haug and Mr. Rossi[5] are **DENIED**. Unishippers' motion to quash the subpoena of Mr. Rossi[6] is also **DENIED**. While Defendants may depose Ms. Haug and Mr. Rossi regarding the negotiations of the agreements at issue, they may not question the deponents regarding the third-party beneficiary issue because Judge Kimball has already determined that Plaintiffs "are third-party beneficiaries of the National Account Agreement and the Reseller Agreement, with rights to enforce those agreements."[7]

**IT IS SO ORDERED**.

DATED this 25th day of October, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket nos. 268, 270.

[6] *See* docket no. 272.

[7] Docket no. 294 at 5.