IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **GULF COAST SHIPPERS LIMITED PARTNERSHIP et al.,**  <br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>**DHL EXPRESS (USA), INC., an Ohio Corporation, and DPWN Holdings, Inc.**<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:09CV221 DAK |

　　　　　This matter is before the court on several motions: Defendant's Motion to Dismiss Count I of Plaintiffs' Fourth Supplemental and Amended Complaint; Defendant's Motion for Partial Summary Judgment on Plaintiffs' Contract Claims; Defendant's Sealed Motion for Reconsideration of Memorandum Decision and Order; Defendant's Motion for Leave to File Third Amended Counterclaims; and Objection to Magistrate Judge Decision.  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).  Now being fully advised, the court renders the following Memorandum Decision and Order.

**I.	Defendant's Motion to Dismiss Count I of Plaintiffs' Fourth Supplemental and Amended Complaint**

In this motion, DHL seeks to dismiss Plaintiffs' Count I, described as "Rescission of the Reseller Agreement" in their Fourth Supplemental and Amended Complaint.  Plaintiffs seek to rescind the same Reseller Agreement that Unishippers had previously sought unsuccessfully to rescind in *Unishippers Global Logistics, L.L.C. v. DHL*, Case No. 2:08-CV-894 DAK.  In that action, the court ruled that Unishippers was not entitled to rescind the Reseller Agreement because it was impossible to re-establish the contracting parties to the status quo before the Reseller Agreement was executed.

For the same reasons set forth in the Unishippers case, the court also dismisses Plaintiffs' rescission claim in this case.

**II.	Defendant's Motion for Partial Summary Judgment on Plaintiffs' Contract Claims and Sealed Motion for Reconsideration of Memorandum Decision and Order.**

Defendant, in this motion, seek partial summary judgment regarding the contract claims alleged by the Phase One Plaintiffs.  Defendant argues that the contract claims fail because Plaintiffs are not third-party beneficiaries of the contracts between DHL and Unishippers Global Logistics, LLC and because the claims are barred by the Airline Deregulation Act and the Federal Aviation Administration Authorization Act, which, they claim, preempt contact claims asserted by purported third-party beneficiaries.

Defendant filed this motion, however, the day before the court issued a Memorandum Decision and Order, on September 23, 2011, granting  Plaintiffs' Motion for Partial Summary

Judgment on the Third-Party Beneficiary Issue.[1]  Recognizing that the court's ruling rendered their Motion for Partial Summary Judgment moot, Defendant, on September 30, 2011, filed a Sealed Motion for Reconsideration of Memorandum Decision and Order, which has now been fully briefed.

The court, however, declines to reconsider its previous ruling on the third-party beneficiary issue.

### III.  Defendant's  Motion for Leave to File Third Amended Counterclaims

Defendant seeks to correct the damages totals asserted in their counterclaims to comport with newly discovered evidence and the opinions of DHL's damages expert.  Plaintiffs oppose the motion, arguing, among other things, that the proposed amendment is untimely and that they would suffer undue prejudice if the court permitted such an amendment.

While the court understands Plaintiffs' position, the court will permit Defendants to file their Third Amended Counterclaims.  Plaintiffs will not suffer undue prejudice from this amendment to the amount of damages.

### IV.  Defendant's Objection to Magistrate Judge's Decision

Previously, DHL had filed a Motion to Amend the Scheduling Order Regarding Expert Witnesses so that DHL could designate Mr. Gil A. Miller as a damages expert to replace DHL's current expert, Dr. Greg Hallman.   DHL claimed that Dr. Hallman was no longer available to testify in this or any other phase of proceedings due to conflicts with his teaching obligations at the University of Texas – his primary employer.  During a hearing before the Magistrate Judge,

---

[1]  *See* Docket No. 294.  Plaintiffs' motion had been fully briefed, and oral argument had been held on June 29, 2011.

he denied DHL's request to amend the scheduling order.   DHL now objects to that ruling.

Having read the memoranda pertaining to the underlying Motion to Amend, along with the briefing on the objection, the court finds, for all the reasons set forth in Plaintiffs' Response to Objection, that the Magistrate Judge's decision was not clearly erroneous or contrary to law. Therefore, the Objection is overruled.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Count I of Plaintiffs' Fourth Supplemental and Amended Complaint [Docket Nol. 274] is GRANTED; Defendant's Motion for Partial Summary Judgment on Plaintiffs' Contract Claims [Docket No. 297] is DENIED; Defendant's Sealed Motion for Reconsideration of Memorandum Decision and Order [Docket No. 309] is DENIED; Defendant's Motion for Leave to File Third Amended Counterclaims [Docket No. 317] is GRANTED; and Defendant's Objection to Magistrate Judge Decision [Docket No. 335] is OVERRULED and the Magistrate Judge's decision is AFFIRMED.

DATED this 26th day of January, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge