IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GULF COAST SHIPPERS LIMITED PARTNERSHIP, et al.,<br><br>　　　　Plaintiffs,<br><br><br>　　vs.<br><br><br>DHL EXPRESS (USA), INC., an Ohio Corporation, and DPWN Holdings (USA), Inc.,<br><br>　　　　Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br><br><br>Case No. 2:09-cv-221 |

Plaintiff Gulf Coast Shippers Limited Partnership ("Gulf Coast") moves the court to deny Defendant DHL Express (USA), Inc.'s ("DHL") second request to replace its expert witness. (Dkt. No. 398.) The court DENIES Gulf Coast's motion and grants DHL's request to replace its expert witness.

I. **Background**

On July 8, 2013, the court held a status conference to discuss the effect of the Tenth Circuit's ruling in *Unishippers Global Logistics, LLC v. DHL Express (USA), Inc.*, 2013 WL 2398761 (10th Cir. June 4, 2013). The court concluded the best way to proceed would be to

> allow each side to serve on the other a new or updated expert report, providing the calculation that each side believes the Tenth Circuit has asked us to provide, provide an opportunity for . . . deposition of each of the proferring experts, and then some briefing to the [c]ourt and allow the parties to raise . . . any objections they have to those expert reports . . . .

1

(July 8, 2013 Hr'g Tr.)  DHL then asked the court to amend the scheduling order to permit DHL to replace Dr. Greg Hallman.  Dr. Hallman is DHL's expert witness on damages.  DHL seeks to replace Dr. Hallman because Dr. Hallman no longer wants to work on the case, and Dr. Hallman has told DHL he would suffer a significant burden if forced to perform additional work.  Namely, Dr. Hallman's employer, the University of Texas, has asked Dr. Hallman to focus on his teaching responsibilities at the University.  Gulf Coast moved to deny DHL's request.

## II.   Analysis

Rule 16(b) of the Federal Rules of Civil Procedure permits a court to modify a scheduling order for "good cause."  Fed. R. Civ. P. 16(b)(4).  The Tenth Circuit applies a four-factor test to determine whether "good cause" exists for the late designation of an expert witness: (1) the prejudice or surprise to the party the new expert will testify against; (2) the ability of that party to cure the prejudice; (3) the extent late designation would disrupt the orderly and efficient trial of the case; and (4) whether the requesting party acted in bad faith or willfully failed to comply with the original scheduling order.  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) (citing *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)).  Although Gulf Coast claims DHL seeks to replace its expert witness for strategic purposes, the court concludes the four factors weigh in favor of permitting DHL to replace its expert witness.

First, Gulf Coast will not be prejudiced if Dr. Hallman is replaced, even if Gulf Coast loses the ability to cross-examine Dr. Hallman.  Whether a party suffers prejudice or surprise depends on the timing of the motion in relation to the start of trial.  *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210–11 (10th Cir. 2002).  Here, DHL's request

comes at a time when briefing on substantive motions is pending and no trial date has been set.  Gulf Coast is not prejudiced by losing the opportunity to cross-examine Dr. Hallman because that does not affect Gulf Coast's ability to bring the suit.  And once DHL names a new expert witness, Gulf Coast will have ample opportunity to depose and cross-examine that witness.  Thus, Gulf Coast will not suffer prejudice if the court permits DHL to replace its expert witness.

Second, for the same reasons, any prejudice suffered by Gulf Coast is easily cured because "there is ample time for . . . submission of a new expert disclosure, as well as for any necessary additional reports or deposition."  *In re Urethane Antitrust Litigation*, 2013 WL 4094429, at *2 (D. Kan. Aug. 13, 2013).

Third, trial will not be disrupted if the court permits DHL to replace its expert witness.  In *Davey*, the Tenth Circuit held disruption to the trial process would be minimal where the party sought to amend before trial started.  301 F.3d at 1212.  Here, no trial date has even been set, and the pending motions for summary judgment will not be heard until February.  Therefore, there will be no disruption to the trial process.

Fourth, DHL's actions appear to be in good faith, despite Gulf Coast's claim that DHL seeks to replace its expert for strategic purposes.  Simply put, Dr. Hallman does not want to participate in the case, and the decision is out of DHL's control.  *See Stephenson v. Wyeth LLC*, 2011 WL 4553051, at *3 (D. Kan. Sept. 29, 2011) (holding the plaintiff's actions were in good faith where the expert elected to terminate the relationship with the plaintiff, and the decision was out of the plaintiff's hands).  And it appears DHL has already identified a new expert that is ready and willing to participate.

## III.     Conclusion

For the reasons stated above, the court DENIES Gulf Coast's motion to deny DHL's request to replace its expert witness. Insofar as the deadline has passed to designate experts under the previous scheduling order, the court amends the scheduling order to allow DHL to substitute its expert witness. DHL has fourteen days from the date of this order to replace Dr. Hallman with a new damages expert.

SO ORDERED this 22nd day of October, 2013.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge