# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **GULF COAST SHIPPERS LIMITED PARTNERSHIP, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DHL EXPRESS (USA), INC., an Ohio corporation, et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:09cv221**<br><br>**District Judge Robert J. Shelby**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Robert J. Shelby pursuant to 28 U.S.C. § 636(b)(l)(A).[1] Before the court is DHL Express (USA), Inc. et al.'s (collectively, "Defendants") motion to compel Gulf Coast Shippers Limited Partnership, et al.'s (collectively, "Plaintiffs") to produce updated financial information.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-l(f).

The present discovery dispute stems from new expert discovery necessitated by the Tenth Circuit's ruling in *Unishippers Global Logistics, LLC v. DHL Express (USA), Inc.*, 526 F. App'x

---

[1] *See* docket nos. 60 & 386.

[2] *See* docket no. 437.

899 (l0th Cir. June 4, 2013) (unpublished).  In that case involving Plaintiffs' franchisor Unishippers, the Tenth Circuit held that Unishippers could not recover damages extending beyond May 10, 2009; 180 days from the date that the contract between Unishippers and DHL terminated.  *See id.* at 906-909.  In the instant case, Plaintiffs separately seek to enforce the same contract against DHL based upon a third-party beneficiary theory.  The parties do not dispute that the Tenth Circuit's decision in *Unishippers* applies to limit Plaintiffs' damages to 180 days.

After the Tenth Circuit's ruling, Judge Shelby held a status conference in the instant case and ordered the parties to "serve on the other a new or updated expert report, providing the calculation that each side believes the Tenth Circuit has asked us to provide."[3]  The parties' respective experts have furnished their reports per Judge Shelby's direction.

In the instant motion, Defendants are seeking to compel Plaintiffs to produce updated financial information, including tax returns from 2011 to the present.  Specifically, Defendants assert that the information must be produced so that their expert can, among other things, assess whether Plaintiffs' businesses actually suffered any diminution in value, as Plaintiffs' expert Richard Hoffman has newly opined.  Defendants argue that rather than simply cutting off his lost profits damages calculation at the 180-day mark, Mr. Hoffman set forth a new theory that Plaintiffs' businesses also suffered a "diminution in value" as a result of Defendants' alleged action.

In response, Plaintiffs assert that Mr. Hoffman did not rely on any post-2010 financial documents for his report and, as such, they have no bearing on his damages calculation.  Specifically, Plaintiffs maintain that Mr. Hoffman's diminution in value calculation quantified the loss value that Plaintiffs' businesses suffered during the 180-day damage period and was

---

[3] Docket no. 428 at 1.

based solely on lost revenues from November 2008 until May 2009.  Plaintiffs contend that Mr. Hoffman did not review or rely on any financial information that he did not consider when preparing his initial report and that his diminution in value theory is not prospective in nature. Plaintiffs state that Mr. Hoffman used the same methodology he used to calculate lost terminal value in his first expert report and merely applied that methodology to Plaintiffs' lost gross profits sustained during the 180-day breach period, as required by the Tenth Circuit.

In their reply, Defendants argue that Mr. Hoffman's diminution in value theory is necessarily prospective and his failure to rely on the post-2010 financial documents is methodologically unsound.  Defendants conclude that the requested documents are highly relevant to defend against Mr. Hoffman's diminution in value theory (by demonstrating what actually happened to the value of Plaintiffs' businesses) or, at the very least, the documents sought are reasonably calculated to lead to the admissibility of relevant expert evidence.

While Plaintiffs assert that Mr. Hoffman did not rely on post-2010 financial documents to construct his diminution in value theory, it does not necessarily follow that Defendants are not entitled to discover those documents.  In other words, the court is not persuaded by Plaintiffs' relevance argument.  Under rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1). Thus, the standard for relevance in discovery is lower than the standard for admissibility at trial. This court is not willing to allow one party to determine unilaterally what is relevant, insofar as discovery is concerned, for the opposing party.

Based on the foregoing, this court concludes that Defendants are entitled to discover the requested financial documents. Whether those documents and/or the export reports that rely upon them will be admissible at trial is a question for Judge Shelby to determine at a later date. Accordingly, Defendants' motion to compel is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 7th day of January, 2015.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge