Chad R. Derum (9452)
Sammi V. Anderson (9543)
John T. (Jack) Nelson (13819)
MANNING CURTIS BRADSHAW
& BEDNAR
136 East South Temple, Suite 1300
Salt Lake City, Utah  84111
Telephone:  801-363-5678
cderum@mc2b.com
sanderson@mc2b.com

and

Kyle Schonekas, La. Bar No. 11817
Patrick S. McGoey, La. Bar No. 24549
Andrea V. Timpa, La. Bar No. 29455
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-6050
kyle@semmlaw.com
patrick@semmlaw.com
andrea@semmlaw.com

*Attorneys for all Plaintiffs*
*except Dandrea, Inc. and KMD, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GULF COAST SHIPPERS LIMITED PARTNERSHIP, et al<br><br>    Plaintiffs,<br><br>vs.<br><br>DHL EXPRESS (USA), INC., an Ohio Corporation and DPWN HOLDINGS (USA), Inc.<br>    Defendants. | **PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS OF LITIGATION, AND PREJUDGMENT INTEREST**<br><br>Civil No. 2:09-CV-221<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

## INTRODUCTION

Phase One Trial Plaintiffs, AEA Services, Inc., Gulf Coast Shippers Limited Partnership, Kasel Enterprises, L.L.C., and Lake Country Logistics, L.L.C. (collectively "Plaintiffs"), respectfully submit this Motion for Attorney's Fees, Costs of Litigation, and Prejudgment Interest.  In accordance with the Order of this Court, the Local Rules, and the Judgment entered by the Clerk, these issues were specifically reserved for determination by the Court after trial. Docs. 561,615.

Plaintiffs are the prevailing parties in their claims against defendant, DHL Express (USA), Inc. ("DHL"), for breach of the National Account Agreement ("NAA") and Reseller Agreement.  As shown herein, in accordance with the terms of the NAA and Utah law, Plaintiffs are entitled to recover legal fees and non-taxable costs[1] of litigation totaling $3,622,083.02 as follows:

| Description | Attachment | Amount |
|---|---|---|
| Legal Fees to SEMM | Declaration of Patrick S. McGoey, Exh. C, C-2 | $ 3,149,262.60 |
| Litigation Costs to SEMM | Declaration of Patrick S. McGoey, Exh. C-3a-g | $ 87,102.00 |
| Expert Fees and Costs to Rick Hoffman | Declaration of Patrick S. McGoey, Exh. C-3 | $ 342,069.67 |
| Legal Fees to Manning Curtis | Declaration of Chad R. Derum, Exh. D | $ 43,648.75 |
| **TOTAL** | | **$3,622,083.02** |

All of the fees and costs requested are reasonable in light of the complexity of this litigation, the length of time this case has been pending, the amount of work required to prosecute Plaintiffs' claims and defend against DHL's claims, and the results obtained.

---

[1] Plaintiffs also request, to the extent any costs included in their separately filed Bill of Costs are disallowed by the Clerk or this Court, that those costs be awarded as litigation costs under the NAA and Utah law.

Plaintiffs also seek prejudgment interest on their rate and assessorial overcharge claims under Utah law from May 31, 2009.  As shown below, Plaintiffs' Overcharge Damages were complete, measureable, and calculable as of May 31, 2009, the last day that DHL provided services to Plaintiffs.  Given that the jury awarded Plaintiffs the exact amounts calculated by Mr. Hoffman and DHL did not offer any rebuttal expert testimony challenging Mr. Hoffman's calculations, the Court should award Plaintiffs prejudgment interest.

Plaintiffs respectfully request that this Motion be granted and that they be awarded legal fees and litigation costs in the total sum of $3,622,083.02 Plaintiffs further request they be awarded prejudgment interest on their rate and assessorial overcharge damages from May 31, 2009.

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. i

TABLE OF CONTENTS.................................................................................................... iii

TABLE OF AUTHORITIES ............................................................................................... v

BACKGROUND ............................................................................................................. viii

   I.   SEVEN YEARS OF LITIGATION.................................................................... viii

   II.   PLAINTIFFS' OVERCHARGE DAMAGES. ..................................................... ix

LAW AND ARGUMENT .................................................................................................. 1

   I.   PLAINTIFFS SHOULD BE AWARDED REASONABLE ATTORNEY'S FEES AND ALL NON-TAXABLE COSTS OF LITIGATION......................................... 1

      A.   General Standard for Recovery of Fees and Costs. .................................... 1

      B.   The Legal Fees Sought by Plaintiffs Are Reasonable. ................................ 3

          1.   Determination of Reasonableness, Generally. ....................................... 3

          2.   Reasonable Legal Fees of $3,192,911.35 Should Be Awarded. .............. 4

      C.   The Non-Taxable Litigation Costs Sought by Plaintiffs Are Reasonable. ................... 6

          1.   Recovery of Non-Taxable Litigation Costs, Generally. ......................... 6

          2.   Reasonable Non-Taxable Costs of $87,102.00  Should Be Awarded. ................... 6

          3.   Any Disallowed Costs Included in Plaintiffs' Bill of Costs Should be Awarded Here. ................................... 7

   II.   PLAINTIFFS SHOULD BE AWARDED PREJUDGMENT INTEREST....................... 7

      A.   Legal Standard for Prejudgment Interest. .................................................. 7

      B.   Utah's Statutory Pre-Judgment Interest Rate.............................................. 8

      C.   Plaintiffs Are Entitled to Statutory Prejudgment Interest on Overcharge Damages from May 31, 2009.............................................................................. 9

CONCLUSION...................................................................................................................... 10

CERTIFICATE OF SERVICE ............................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*AE, Inc. v. Goodyear Tire & Rubber Co.*,
 576 F.3d 1050, 1055 (10th Cir.2009) ................................................................. 7

*Anderson & Karrenberg v. Jerry Warnick*,
 289 P.3d 600, 603-04 (Utah Ct. App.2012) ........................................................ 2

*Bennett v. Huish*,
 2007 UT App 19, ¶ 45, 155 P.3d 917, 931 ......................................................... 8

*Bjork v. April Indus., Inc.*,
 560 P.2d 315, 317 (Utah1977) ............................................................................ 9

*Blum v. Stenson*,
 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ............................... 3

*Brodkin v. Tuhaye Golf, LLC*,
 355 P.3d 224, 231-32 (Utah Ct. App. 2015) ....................................................... 3

*Browder v. City of Moab*,
 427 F.3d 717, 722 n. 9 (10th Cir. 2005) ............................................................. 3

*Chase v. Scott*,
 2001 UT App 404, ¶¶ 19–20, 38 P.3d 1001) ...................................................... 6

*Cobabe v. Crawford*,
 780 P.2d 834, 836 (Utah Ct.App.1989) .............................................................. 4

*Dale K. Barker Co. v. John K. Bushnell*,
 2010 UT App 189, 237 P.3d 903, *cert. denied,* 245 P.3d 757 (2010) ................ 6

*Dixie State Bank v. Bracken*,
 764 P.2d 985, 990 (Utah 1988) ........................................................................... 4

*Encon Utah, LLC v. Fluor Ames Kraemer, LLC*,
 210 P.3d 263, 272 (Utah 2009) ........................................................................... 8

*Fell v. Union Pacific Railway Co.*,
 32 Utah 101, 88 P. 1003, 1007 (Utah 1907) ................................................ 7, 8, 9

*Flying J Inc. v. Comdata Network, Inc.*,
  CIV. 196CV066BSJ, 2007 WL 3550342, at *5 (D. Utah Nov. 15, 2007) *aff'd,* 322 Fed.Appx.
  610 (10th Cir. 2009)............................................................................................................. 3, 4

*Foote v. Clark*,
  962 P.2d 52, 54 (Utah 1998)................................................................................................. 1

*Francis v. Nat'l DME*,
  2015 UT App 119, ¶ 44, 350 P.3d 615, 627, reh'g denied (Aug. 6, 2015) ................................ 9

*Hensley v. Eckerhart*,
  461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983)........................................... 3

*In re C.W. Min. Co.*,
  2:10-CV-39 TS, 2013 WL 319287, at *9 (D. Utah Jan. 28, 2013)........................................... 7

*Insight Assets, Inc. v. Farias*,
  321 P.3d 1021, 1023 (Utah 2013)......................................................................................... 2

*Kealamakia, Inc. v. Kealamakia*,
  213 P.3d 13, 16 (Utah Ct. App.2009) .................................................................................... 4

*Krum v. Hartford Life & Acc. Ins. Co.*,
  942 F. Supp. 2d 1171, 1186 (D. Utah 2013)........................................................................... 8

*Loughridge v. Chiles Power Supply Co.*,
  431 F.3d 1268, 1288 (10th Cir.2005) .................................................................................... 7

*R.T. Nielson Co. v. Cook*,
  40 P.3d 1119, 1126-27 (Utah2002) ....................................................................................... 2

*Smith v. Fairfax Realty, Inc.*,
  82 P.3d 1064, 1068 (Utah 2003)........................................................................................... 8

*Trayner v. Cushing*,
  688 P.2d 856, 858 (Utah 1984) ............................................................................................ 4

*TruGreen Companies, L.L.C. v. Mower Bros., Inc.*,
  953 F.Supp.2d 1223, 1242-43 (D. Utah2013) *aff'd sub nom.*, 570 Fed.Appx. 775 (10th
  Cir.2014) ............................................................................................................................ 6

**OTHER AUTHORITIES**

28 U.S.C. § 1920................................................................................................................... 7

Utah Code Ann. § 15-1-1 ...................................................................................................... 8

Utah Code Ann. § 15-1-1(2) ................................................................................................... 9

Utah Code Ann. § 78B-5-826 (West) ...................................................................................... 2

**RULES**

DUCivR 54-2 ............................................................................................................................ 7

Fed. R. Civ. P. 54(d) ............................................................................................................ 6, 7

Fed. R. Civ. P. 54(d)(2)(A) ..................................................................................................... 1

Fed. R. Civ. P. 54(d)(2)(B) ..................................................................................................... 1

## BACKGROUND

### I.    SEVEN YEARS OF LITIGATION

As the Court is aware, Plaintiffs have pursued this litigation to enforce their rights under the National Account Agreement and Reseller Agreement for more than seven years.  Discovery took more than three years to complete, and included extensive motion practice, the production of hundreds of thousands of pages of documents and electronically stored information, and the taking of over forty depositions conducted across the country.[2]  After discovery was completed, DHL moved to stay the 2012 trial in this case until the Tenth Circuit ruled on DHL's appeal of the *Unishippers* Jury Verdict.  Rec. Doc. 363.  After the stay was lifted, additional discovery, expert reports, motion practice ensued.

Over 600 pleadings were filed in this case, including multiple motions to dismiss and summary judgment.   During motion practice, Plaintiffs prevailed in obtaining summary judgment against DHL on key issues, including third-party beneficiary status and collateral estoppel.  Docs. 294, 449.  Plaintiffs also successfully defended against DHL's efforts to dismiss Plaintiffs' contract claims.  Docs. 449, 545.

The two week long jury trial included the presentation of a large amount of evidence on several complex issues.  The work for trial was greatly increased given DHL's inclusion of needless documentation.  While DHL listed over 1,000 trial exhibits, DHL admitted less than 75 exhibits.  DHL also designated 14 deposition transcripts, and failed to offer any of them at trial.

---

[2]    When this matter was deconsolidated from *Unishippers*, the Court specifically authorized Plaintiffs to participate in any deposition involving witnesses relevant to Plaintiffs' claims.  Doc. 45.  Plaintiffs participated in approximately seventeen depositions in *Unishippers*.

Plaintiffs prevailed on all of their claims against DHL, and were successful in defeating DHL's claims of breach of contract and open account.  Doc. 591.  Although DHL did obtain a judgment in quantum meruit against three of the four Plaintiffs, the jury found that Plaintiffs proved that DHL had unclean hands and awarded DHL only 24% of its proposed amount, as Plaintiffs' counsel argued in his closing argument.  *Id.*  Plaintiffs were the only parties to prevail under the NAA, which contained an explicit attorneys' fees and costs provision.  *See* National Account Agreement, p. 12, § 21.0, attached as Exhibit "A."

## II.  PLAINTIFFS' OVERCHARGE DAMAGES.

In addition to DHL's pre-determined breaches of the NAA and Reseller Agreement, Plaintiffs were awarded Overcharge Damages for DHL's breaches of § 2.05 (the Rate Overcharges) and Amendment 10 (the Accessorial Overcharges) (collectively "Overcharge Damages").  Plaintiffs' Overcharge Damages were calculated by Plaintiffs' expert, Rick Hoffman.

For the Rate Overcharges, Mr. Hoffman calculated these damages for the fixed period of 2004 through December 31, 2007.  He compared the rates that DHL charged Plaintiffs to the rates DHL charged to competitors, Express-1 and USS, to identify the lowest rate.  He identified the amount charged to Plaintiffs for each package shipped during this time period and subtracted the lowest rate from the amount charged to reach a gross overcharge on each shipment.  He then adjusted the gross overcharge downward to reach the net overcharge by deducting from it the amount of the saved royalty Plaintiffs would have incurred to Unishippers.

DHL did not dispute the accuracy of the rates it charged Plaintiffs, Express-1, or USS.  Moreover, DHL did not offer any rebutting expert testimony to challenge Mr. Hoffman's Rate

Overcharge calculations.  <u>Given the undisputed factual rate information and the mathematical certainty of Mr. Hoffman's calculations, it was not surprising that the jury awarded Plaintiffs the exact amounts for Rate Overcharges that that Mr. Hoffman calculated.</u>  The Rate Overcharge Damages awarded by the jury were as follows:

| | |
|---|---|
| Gulf Coast Shippers | $2,982,172 |
| AEA Services | $  737,738 |
| Lake Country Logistics | $  642,660 |
| Kasel Enterprises, LLC | $1,841,055 |
| **Total** | **$6,203,625** |

Doc. 609.

For Assessorial Overcharges, Mr. Hoffman also calculated these damages for a fixed period of 2004 through May 31, 2009, which was the last date DHL provided, and therefore billed, services to Plaintiffs.  The calculation was limited to specific assessorial charges.  Mr. Hoffman identified each shipment in the above time period in which DHL failed to give Plaintiffs the 20% discount on assessorial fees.  He then calculated the 20% discount Plaintiffs should have received on each shipment identified, and then reduced that number by the saved royalty expense to reach the net damages due to each Plaintiff.  <u>Like with Rate Overcharges, DHL did not dispute the accuracy of the assessorial charge information used by Mr. Hoffman,</u>

x

and DHL did not offer any expert testimony to contradict the certainty of Mr. Hoffman's calculations.[3]

The Assessorial Overcharge Damages awarded by the jury were as follow:

| | |
|---|---|
| Gulf Coast Shippers | $762,589 |
| AEA Services | $132,762 |
| Lake Country Logistics | $149,278 |
| Kasel Enterprises, LLC | $502,925 |
| **Total** | **$1,547,554** |

---

[3]     On cross-examination of Mr. Hoffman, DHL contended that Mr. Hoffman's calculations incorrectly included assessorial overcharges on ground shipments.   On redirect, Mr. Hoffman recalculated the assessorial overcharges by eliminating any Assessorial Overcharges for ground shipments as to each Plaintiff.   The jury awarded Plaintiffs Assessorial Overcharge Damages in the exact amount of Mr. Hoffman's calculations.

<u>**LAW AND ARGUMENT**</u>

**I.     PLAINTIFFS SHOULD BE AWARDED REASONABLE ATTORNEY'S FEES
        AND ALL NON-TAXABLE COSTS OF LITIGATION.**

    **A.     <u>General Standard for Recovery of Fees and Costs.</u>**

Federal Rule of Civil Procedure 54(d)(2)(A) authorizes a party to request attorney's fees

and nontaxable expenses by motion.  Fed. R. Civ. P. 54(d)(2)(A).  Such a motion must:

> **(i)**     be filed no later than 14 days after the entry of judgment;
> **(ii)**    specify the judgment and the statute, rule, or other grounds
>             entitling the movant to the award;
> **(iii)**   state the amount sought or provide a fair estimate of it; and
> **(iv)**    disclose, if the court so orders, the terms of any agreement
>             about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B).

Utah law is well settled that attorneys' fees and costs should be awarded if allowed by

contract. *Foote v. Clark*, 962 P.2d 52, 54 (Utah 1998).  Section 21 of the NAA, provides:

> In the event of any litigation or arbitration between the parties with
> respect to this Agreement, the prevailing party shall be entitled to
> recover, in addition to any damages or other relief to which it may
> be entitled, **reasonable attorney's fees and costs of litigation** or
> arbitration, **as the court or tribunal may determine**.

Ex. A, National Account Agreement, p. 12, § 21.0 (emphasis added).

Gerald Cameron of Airborne Express, the NAA's drafter, testified that he intended

Unishippers franchisees to be "parties" to the NAA, and he intended that "section 21 of the NAA

to apply to Unishipper franchisees."  *See* Excerpts of Deposition of Gerald Cameron, 151:16 –

152:23; 180:18-21, attached as Exhibit "B."  Mr. Cameron also testified that he understood this

attorney fees and costs provision to permit Unishippers franchisees, like Plaintiffs, to obtain

attorney's fees and costs if they were successful in a breach of contract claim against Airborne

1

(DHL). *Id.*, 179:15-180:21. Thus, there is no dispute that Plaintiffs are entitled to enforce Section 21 of the NAA.

Additionally, the Utah Code provides:

> A court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.

Utah Code Ann. § 78B-5-826 (West).[4]

The NAA, a written contract entered into on September 21, 1994, "allow[s] at least one party to recover attorney fees." Plaintiffs are third party beneficiaries of the NAA and, as intended by the original contracting parties, should be permitted to recover their attorneys' fees and litigation costs against DHL. That Plaintiffs are non-signatories is no bar to their recovery of attorneys' fees under the NAA. *See Insight Assets, Inc. v. Farias*, 321 P.3d 1021, 1023 (Utah 2013) (holding that because beneficiary by assignment of sellers deed would be entitled to recovery attorneys' fees under contract, subsequent bona fide purchaser of property who defeated assignee's foreclosure suit was entitled to attorneys' fees); *Brodkin v. Tuhaye Golf,*

---

[4]    There can be little doubt that Plaintiffs are "prevailing parties" under Utah law which "is an appropriate question for the trial court and depends, to a large measure, on the context of each case." *Anderson & Karrenberg v. Jerry Warnick*, 289 P.3d 600, 603-04 (Utah Ct. App.2012) (quoting *R.T. Nielson Co. v. Cook*, 40 P.3d 1119, 1126-27 (Utah2002)) (internal quotations omitted). The trial court employs a flexible "case-by-case approach" considering:

> (1) [the] contractual language, (2) the number of claims, counterclaims, cross-claims, etc., brought by the parties, (3) the importance of the claims relative to each other and their significance in the context of the lawsuit considered as a whole, and (4) the dollar amounts attached to and awarded in connection with the various claims.

*Id.* Here, Plaintiffs asserted and prevailed against DHL in a greater number of claims, of more significant impact, in the context of the lawsuit against three of the Plaintiffs, which were awarded not pursuant to the NAA, but under a theory of quantum meruit and reduced by an unclean hands defense. Plaintiffs clearly are the prevailing parties under Utah law.

*LLC*, 355 P.3d 224, 231-32 (Utah Ct. App. 2015) (recognizing that plaintiff who sought to be declared third-party beneficiary of easement agreement would have been entitled to attorneys' fees under agreement had he prevailed in action).

**B.     The Legal Fees Sought by Plaintiffs Are Reasonable.**

**1.     Determination of Reasonableness, Generally.**

"In dealing with 'prevailing party' attorney's fees provisions, courts in this Circuit—and courts in this State—generally determine what is a reasonable fee by first figuring a 'lodestar' amount and then adjusting that figure based on facts specific to the case." *Flying J Inc. v. Comdata Network, Inc.*, CIV. 196CV066BSJ, 2007 WL 3550342, at *5 (D. Utah Nov. 15, 2007) *aff'd*, 322 Fed.Appx. 610 (10th Cir. 2009). The applicant must "submit evidence supporting the hours worked and rates claimed" to satisfy his burden. *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983)).

"The normal 'lodestar' attorney's fee award is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, and adding to that the prevailing party's reasonable expenses." *Id.* (citing *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Browder v. City of Moab,* 427 F.3d 717, 722 n. 9 (10th Cir. 2005)). In determining reasonableness, the court may consider the following factors:

> 1. What legal work was actually performed?;
>
> 2. How much of the work performed was reasonably necessary to adequately prosecute the matter?;
>
> 3. Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?; and

> 4. Are there circumstances which require consideration of additional factors, including those listed in the applicable rules of professional conduct?

*Id.* at \*7 (quoting *Dixie State Bank v. Bracken,* 764 P.2d 985, 990 (Utah 1988)).  The court may also consider "the novelty and difficulty of the issues involved, the overall result achieved and the necessity of initiating a lawsuit to vindicate rights under the contract."  *Id.* at \*6 (quoting *Trayner v. Cushing,* 688 P.2d 856, 858 (Utah 1984)).

While the trial court exercises discretion in determining what constitutes a reasonable fee, that discretion is "constrained by the fact that contractual attorney's fee awards involve a matter of legal right."  *Flying J*, 2007 WL 3550342 at \*7.  "[T]he court does not possess the same equitable discretion to deny attorney's fees that it has when fashioning equitable remedies, or applying a statute which allows the discretionary award of such fees." *Id.* at \*7-8 (quoting *Cobabe v. Crawford,* 780 P.2d 834, 836 (Utah Ct.App.1989)) (internal citations omitted).

The same standards are applicable where the prevailing parties and their attorneys contracted for the payment of a contingent fee.  *Kealamakia, Inc. v. Kealamakia*, 213 P.3d 13, 16 (Utah Ct. App.2009) (holding that trial court properly determined reasonableness of contingent fee and noting that while the parties' fee contract did not control the fee award, it will generally serve as a cap on the moving party's fee recovery).  *Id.* at 17-18.

**2.      Reasonable Legal Fees of $3,192,911.35 Should Be Awarded.**

Plaintiffs incurred substantial legal fees in prosecuting their contractual claims against DHL for the past seven years.  Plaintiffs entered contracts with their attorneys, Schonekas Evans McGoey & McEachin, LLC ("SEMM"), which provide for substantially discounted hourly rates (more than 50% discount) plus a partial contingency fee (20% of recovered and saved amounts).

*See* Declaration of Patrick S. McGoey attached hereto as Exhibit "C."  Through trial, Plaintiffs incurred legal fees at SEMM's significantly reduced hourly rates of $1,019,065.80 and are required to pay additional contingent fees of $2,130,196.80 to SEMM, for a total attorney fee award to SEMM of $3,149,262.60.  *Id.*, ¶¶ 8-16.  Given that SEMM's attorneys and paralegals worked 9,673 hours on this case through trial, the total fee would result in SEMM professionals' being paid $325/hour.  These fees are certainly reasonable for complex, commercial litigation like this, and are believed to be much less per hour than DHL's attorneys were paid for handling this litigation.

Plaintiffs also incurred legal fees of $43,648.75 to its current local counsel Manning Curtis Bradshaw & Bednar, PLLC.[5]  *See* Declaration of Chad Derum, attached hereto as Exhibit "D."

Thus, the total attorneys' fees amount that Plaintiffs seek is $3,192,911.35.  This amount is reasonable in light of the rates charged, the amount of work required and performed over the last seven years, the complexity of the litigation, and the results Plaintiffs obtained.  Accordingly, Plaintiffs should be awarded fees totaling $3,192,911.35 for legal services rendered through March 31, 2016.[6]

---

[5]  Plaintiffs incurred additional local counsel fees for the firm Prince, Yeates and Geldzahler, but Plaintiffs are not seeking reimbursement for those fees.

[6]  Plaintiffs expressly reserve the right to apply for additional fees and costs as may become appropriate, including but not limited to all costs and fees incurred in responding to DHL's post trial motions and appeal.

C.     **The Non-Taxable Litigation Costs Sought by Plaintiffs Are Reasonable.**

     1.     **Recovery of Non-Taxable Litigation Costs, Generally.**

Under Utah law, litigation costs recoverable under a contractual fees and costs provision "go well beyond the costs that are allowed under" cost-taxing rules.  *See TruGreen Companies, L.L.C. v. Mower Bros., Inc.*, 953 F.Supp.2d 1223, 1242-43 (D. Utah2013) *aff'd sub nom.*, 570 Fed.Appx. 775 (10th Cir.2014) (quoting *Dale K. Barker Co. v. John K. Bushnell,* 2010 UT App 189, 237 P.3d 903, *cert. denied,* 245 P.3d 757 (2010)).   Contractually recoverable "costs" "include those costs that were associated with the litigation but would not be included under a regular Rule 54(d) cost award."  *Id.* (quoting *Chase v. Scott,* 2001 UT App 404, ¶¶ 19–20, 38 P.3d 1001).

     2.     **Reasonable Non-Taxable Costs of $87,102.00  Should Be Awarded.**

Here, Plaintiffs also incurred non-taxable litigation costs to SEMM of $87,102.00.  *See* Exhibits "C-3."  These non-taxable costs include, among other things, legal research, travel expenses, long distance telephone calls, copies, express courier fees, postage costs, and reproduction costs.  *Id.*

Plaintiffs also incurred non-taxable expert witness fees and expenses to Rick Hoffman and his firm Lone Peak Valuation totaling $342,069.67.  *See* Exhibit "C-4."  Mr. Hoffman and his firm calculated Plaintiffs' damages, prepared multiple expert reports, as well as demonstrative exhibits used at trial.  Mr. Hoffman was deposed twice in this matter and testified at trial on behalf of Plaintiffs.

All of the non-taxable costs incurred by Plaintiffs were essential to Plaintiffs' ultimate success in this litigation.   Accordingly, they should be awarded here.

### 3. Any Disallowed Costs Included in Plaintiffs' Bill of Costs Should be Awarded Here.

Plaintiffs have separately submitted a Bill of Costs seeking reimbursement of taxable costs pursuant to Fed. R. Civ. P. 54(d), DUCivR 54-2, and 28 U.S.C. § 1920. None of the costs sought to be taxed in the Bill of Costs are duplicated in the present Motion for Attorney's Fees, Costs of Litigation, and Prejudgment Interest. However, to the extent that the Clerk or this Court should determine that any costs which Plaintiffs have included in their Bill of Costs are not taxable under the above statutes, Plaintiffs request that those disallowed costs be included and awarded herein as costs of litigation under the NAA and Utah law.

## II. PLAINTIFFS SHOULD BE AWARDED PREJUDGMENT INTEREST.

### A. Legal Standard for Prejudgment Interest.

In this Circuit, a "federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest." *AE, Inc. v. Goodyear Tire & Rubber Co.*, 576 F.3d 1050, 1055 (10th Cir.2009) (quoting *Loughridge v. Chiles Power Supply Co.,* 431 F.3d 1268, 1288 (10th Cir.2005)). "Utah's prejudgment interest rule was set out by the Utah Supreme Court over one hundred years ago in *Fell v. Union Pacific Railway Co.*" *Id.*; *see also In re C.W. Min. Co.*, 2:10-CV-39 TS, 2013 WL 319287, at *9 (D. Utah Jan. 28, 2013). "In *Fell,* the Utah Supreme Court explained that 'in the class of cases where the damage is complete, and the amount of the loss is fixed as of a particular time, there is—there can be—no reason why interest should be withheld merely because the damages are unliquidated.'" *AE, Inc.*, 576 F.3d at 1055 (quoting *Fell v. Union Pacific Railway Co.*, 32 Utah 101, 88 P. 1003, 1007 (Utah 1907)).

> This standard has generally been applied as a two prong test: (1) whether the damages are complete and (2) whether they can be measured by fixed rules of evidence and known standards of value.

*Id.* (quoting *Smith v. Fairfax Realty, Inc.,* 82 P.3d 1064, 1068 (Utah 2003)).   "[T]he standard focuses on the measurability and calculability of the damages." *Id.* (quoting *Encon Utah, LLC v. Fluor Ames Kraemer, LLC,* 210 P.3d 263, 272 (Utah 2009)).

> [U]nder Utah law, award of prejudgment interest should generally turn, not on the vagaries of litigation, but on whether the 'loss is fixed as of a particular time.' It should be denied when the damages 'are incomplete and peculiarly within the province of the jury to assess at the time of trial.'

*Id.* (quoting *Fell,* 88 P. at 1006).  The "critical consideration under the *Fell* test is the manner in which damages are proven." *Id.*

The "fact that the parties dispute or reduce the amount of damages does not in and of itself mean that damages are incomplete or cannot be calculated with mathematical accuracy." *Bennett v. Huish*, 2007 UT App 19, ¶ 45, 155 P.3d 917, 931. For example, in *Encon*, the Utah Supreme Court upheld an award of prejudgment interest for "damages for a completed percentage of work on a fixed-price contract and for profits on that work at a rate of 10%" even though the award itself was disputed. *Encon Utah, LLC v. Fluor Ames Kraemer*, LLC, 2009 UT 7, ¶ 60, 210 P.3d 263, 274.   The trial court "[e]xercising its discretion to determine which expert's valuation was more accurate" did not make the damage award too uncertain to award prejudgment interest. *Id.* at ¶ 64.

### B.   Utah's Statutory Pre-Judgment Interest Rate.

If the parties have not fixed a prejudgment interest rate, Utah Code Ann. § 15-1-1 generally establishes a default rate of ten percent annually.  *See e.g. Krum v. Hartford Life & Acc. Ins. Co.*, 942 F. Supp. 2d 1171, 1186 (D. Utah 2013) (applying § 15-1-1's 10% rate to an award of disability benefits); *Francis v. Nat'l DME*, 2015 UT App 119, ¶ 44, 350 P.3d 615, 627,

reh'g denied (Aug. 6, 2015) ("affirm[ing] the trial court's application of the 10% interest rate established in section 15–1–1" to the plaintiff's breach of contract action for unpaid commissions); Utah Code Ann. § 15-1-1(2).   Prejudgment interest is calculated from the date "where the damage is complete and the amount of the loss if fixed … [rather than] … from the date of the judgment."  *Bjork v. April Indus., Inc.*, 560 P.2d 315, 317 (Utah1977).

### C. Plaintiffs Are Entitled to Statutory Prejudgment Interest on Overcharge Damages from May 31, 2009.

Here, the Overcharge Damages awarded to Plaintiffs were certainly complete, and the amount of them was fixed, as of DHL's last day to provide services to Plaintiffs on May 31, 2009.  Mr. Hoffman calculated the damages using a straight-forward, well-established method. *Fell,* 88 P. at 1006.  The award was based on the rates provided to competitors, minus the costs DHL charged Plaintiffs.  The jury awarded the exact amounts Mr. Hoffman calculated.  These damages were certainly "complete" and "fixed" as of May 31, 2009, the last day that DHL offered Plaintiffs any services.[7]  DHL did not offer expert testimony to challenge Mr. Hoffman's calculations.  Accordingly, Plaintiffs should be awarded prejudgment interest at Utah's statutory annual rate of ten percent on the Rate Overcharge damages from May 31, 2009.

Mr. Hoffman also calculated Plaintiffs' Assessorial Overcharge Damages using a straightforward method that DHL similarly failed to rebut through expert testimony.  While DHL did challenge the inclusion of certain overcharges in Mr. Hoffman's calculations, he recalculated the figures to remove those charges while on the witness stand.  Again, the jury awarded the exact amount Mr. Hoffman calculated, as adjusted.  These damages were "complete" and "fixed"

---

[7]     The Rate Overcharge Damages were actually complete and fixed as of December 31, 2007, the last day DHL overcharged Plaintiffs for rates.  For ease of calculation, Plaintiffs only seek prejudgment interest from May 31, 2009.

as of May 31, 2009, the last date that DHL provided any shipping services to Plaintiffs. Accordingly, Plaintiffs should be awarded prejudgment interest at Utah's statutory annual rate of ten percent on the Assessorial Overcharge damages from May 31, 2009.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees, Costs of Litigation, and Prejudgment Interest should be granted.  Plaintiffs should be awarded a total of $3,622,083.02 for legal fees and costs of litigation, plus any disallowed costs included in Plaintiffs' separately filed Bill of Costs, in accordance with the terms of the National Account Agreement and Utah law.  Plaintiffs should also be awarded prejudgment interest on Rate and Assessorial lost Overcharge Damages from May 31, 2009.

Submitted this 27th day of May, 2016.

Respectfully submitted,

*/s/ Patrick S. McGoey*
Kyle Schonekas, La. Bar No. 11817
Patrick S. McGoey, La. Bar No. 24549
Andrea V. Timpa, La. Bar No. 29455
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
kyle@semmlaw.com
patrick@semmlaw.com
andrea@semmlaw.com

*Attorneys for all Plaintiffs*
*except Dandrea, Inc. and KMD, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of May, 2016, I caused the foregoing to be served via the Court's ECF electronic filing system on the following:

- **Sammi V. Anderson**
  sanderson@mc2b.com,reception@mc2b.com,jcox@mc2b.com
- **Ian Lewis Atkinson**
  ian@semmlaw.com,andi@semmlaw.com,rachel@semmlaw.com
- **Blaine J. Benard**
  bjbenard@hollandhart.com,slclitdocket@hollandhart.com,phowell@hollandhart.com,intaketeam@hollandhart.com
- **Chad R. Derum**
  cderum@mc2b.com,lnordgran@mc2b.com,reception@mc2b.com
- **M. David Eckersley**
  davideckesley@outlook.com,geniel@princeyeates.com,docket@princeyeates.com
- **Lewis M. Francis**
  lfrancis@joneswaldo.com,ecf@joneswaldo.com,krichardson@joneswaldo.com
- **George M. Haley**
  gmhaley@hollandhart.com,smsansom@hollandhart.com,bblarsen@hollandhart.com,slclitdocket@hollandhart.com,intaketeam@hollandhart.com,plgray@hollandhart.com
- **Maria G. Marks**
  maria@semmlaw.com,andi@semmlaw.com,rachel@semmlaw.com
- **Eric G. Maxfield**
  egmaxfield@hollandhart.com,slclitdocket@hollandhart.com,jcwilliams@hollandhart.com,intaketeam@hollandhart.com
- **Patrick S. McGoey**
  patrick@semmlaw.com,rachel@semmlaw.com
- **John T. (Jack) Nelson**
  jnelson@mc2b.com
- **William W. Oxley**
  william.oxley@dechert.com,theresa.miletich@dechert.com,Magdalena.St.Germain@dechert.com,Susan.Spencer@dechert.com
- **Amy Rudd**
  amy.rudd@dechert.com
- **Christopher S. Ruhland**
  christopher.ruhland@dechert.com,Magdalena.St.Germain@dechert.com,patty.ruiz@dechert.com,Susan.Spencer@dechert.com
- **Ellie T. Schilling**
  ellie@semmlaw.com,andi@semmlaw.com,rachel@semmlaw.com
- **Kyle D. Schonekas**
  kyle@semmlaw.com,laura@semmlaw.com,joann@semmlaw.com

11

- **J. Andrew Sjoblom**
  jasjoblom@hollandhart.com,slclitdocket@hollandhart.com,phowell@hollandhart.com,intaketeam@hollandhart.com
- **Andrea V. Timpa**
  andrea@semmlaw.com,andi@semmlaw.com,rachel@semmlaw.com
- **Eliot J. Walker**
  eliot.walker@dechert.com
- **Jessica P. Wilde**
  jwilde@joneswaldo.com,echristensen@joneswaldo.com
- **Andrew S. Wong**
  andrew.wong@dechert.com,sherrill.soliz@dechert.com,patty.ruiz@dechert.com,catherine.carlisle@dechert.com,susan.spencer@dechert.com
- **Edwin V. Woodsome , Jr**
  ed.woodsome@dechert.com,Magdalena.St.Germain@dechert.com,patty.ruiz@dechert.com,Susan.Spencer@dechert.com

*/s/ Patrick S. McGoey*
Patrick S. McGoey